The CANADIAN MEAT COUNCIL and Its Members, Including Canada Packers, Inc., Plaintiffs,

Alberta Pork Producers Marketing Board, et al., Plaintiffs-Intervenors,

v.

UNITED STATES, Defendant,

National Pork Producers Council, et al., Defendants-Intervenors.

Court No. 85–09–01168.

United States Court of International Trade.

Sept. 12, 1986.

Arnold & Porter, Robert Herzstein, Lawrence A. Schneider and Alan O. Sykes, Washington, D.C., for plaintiffs.

Cameron, Hornbostel & Butterman, William K. Ince and Caren Z. Turner, Washington, D.C., for plaintiffs-intervenors.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Dept. of Justice, Commercial Litigation Branch, Elizabeth C. Seastrum, Douglas Riggs, Gen. Counsel, U.S. Dept. of Commerce, Lisa Koteen, Washington, D.C., for defendant.

Thompson, Hine and Flory, Mark Roy Sandstrom, Washington, D.C., for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

Plaintiffs bring an action contesting a final affirmative subsidy determination by the Department of Commerce, International Trade Administration (Commerce) pursuant to section 516A of the Tariff Act of 1930, as amended, 19 U.S.C. § 1516a(a)(3) (Supp. II 1984). Defendant and defendant-intervenors move to dismiss the action for lack of jurisdiction. The motion to dismiss is denied.

### I.  Background

The members of the Canadian Meat Council are pork packers that do not produce live swine. The Canadian Meat Council and its members (plaintiffs) challenge Commerce's final affirmative subsidy determination in *Live Swine and Fresh,* *Chilled and Frozen Pork Products from Canada,* 50 Fed.Reg. 25,097 (June 17, 1985). The action was commenced within thirty days after the International Trade Commission (Commission) published its final determination that an industry in the United States is materially injured by imports of live swine, but is not materially injured or threatened with material injury by imports of fresh, chilled or frozen pork from Canada. *Live Swine and Pork from Canada,* 50 Fed.Reg. 31,931 (Aug. 7, 1985). Accordingly, Commerce issued a countervailing duty order on imports of live swine, but not on imports of fresh, chilled or frozen pork. *Countervailing Duty Order; Live Swine from Canada,* 50 Fed.Reg. 32,880 (Aug. 15, 1985). The National Pork Producers Council and Wilson Foods Corp., defendant-intervenors in this case, have brought a separate action contesting the Commission's negative injury determination regarding fresh, chilled and frozen pork. *National Pork Producers Council v. United States,* Court No. 85-9-01209.

Defendant and defendant-intervenors (movants) seek dismissal of this action for lack of jurisdiction on the grounds that (1) the action may not be brought pursuant to section 1516a(a)(3) since Congress intended that such actions be brought only when the Commission's negative determination is predicated on the size of the net subsidy or dumping margin found by Commerce; and (2) the action calls for an advisory opinion in violation of Article III of the Constitution since there is currently no countervailing duty order regarding fresh, chilled and frozen pork from Canada.

The question presented is whether 19 U.S.C. § 1516a(a)(3) allows a party to challenge Commerce's final affirmative subsidy determination where the Commission's final negative injury determination has been contested, and if so, whether the action constitutes an actual case or controversy within the meaning of Article III of the Constitution.

### II.  Discussion

1.  The Scope of Section 1516a(a)(3).

A final affirmative determination by Commerce that a subsidy is being provided

under 19 U.S.C. § 1671d (1982 & Supp. II 1984), may be challenged within thirty days after the publication of a final countervailing duty order, under section 19 U.S.C. § 1516a(a)(2)(B)(i) (Supp. II 1984). An opportunity for challenging a final affirmative subsidy determination is also provided by section 1516a(a)(3), which states:

> **Exception.**—Notwithstanding the limitation imposed by paragraph (2)(A)(ii) of this subsection, a final affirmative determination by the administering authority under section 1671d or 1673d of this title may be contested by commencing an action, in accordance with the provisions of paragraph (2)(A), within thirty days after the date of publication in the Federal Register of a final negative determination by the Commission under section 1671d or 1673d of this title.

This action comes within the class of actions described in section 1516a(a)(3). Movants argue, however, that section 1516a(a)(3) must be read in the context of House Report on the Trade and Tariff Act of 1984 (Act), which says that section 1516a(a)(3) may be invoked only when the Commission's negative determination "is predicated on the size of the dumping margin or net subsidy." H.Rep. No. 98–725, 98th Cong., 2d Sess. 47, *reprinted in* 1984 U.S.Code Cong. & Ad.News 5127, 5174.

Movants' argument is misplaced. The passage quoted from the legislative history was written for proposed legislation which would have limited appeals under section 1516a(a)(3) to instances where negative Commission determinations were predicated on margin or net subsidy size. Defendant concedes that "[t]he 'exception' as finally enrolled in section 516a(a)(3), however, was shorn of the clause limiting its application to cases where the ITC used margins analysis." Reply Brief for Defendant, at 7. Since the language regarding margin or net subsidy size was deleted, the House Report does not reflect Congress' intent concerning the availability of section 1516a(a)(3) review.

Only in the Summary of Provisions of H.R. 3398, Trade and Tariff Act of 1984, House Ways and Means Committee Print No. 98–39, at 33, is the final version of section 1516a(a)(3) described. The report, which does not constitute part of the legislative history of the Act, states in part:

> The conference agreement eliminates all interlocutory judicial reviews by the U.S. Court of International Trade during the course of CVD and AD investigations. All challenges to agency determinations would be combined and reviewable by the court after final agency action has been taken. The agreement also clarifies when negative portions of affirmative determinations may be reviewed, *and that a final affirmative determination by the administering authority may be contested when an appeal is based on a negative determination by the ITC* [emphasis added].

The Court finds nothing in the legislative history of the Act showing that section 516A(a)(3) as enacted was intended to apply only where negative Commission determinations are based on the size of the net subsidy or dumping margin.

The Court disagrees with movants' further argument that Congress intended to eliminate section 1516a(a)(3), and that its survival in amended form was inadvertent. To declare that section a nullity would violate the express language of the statute.

■ The Court holds that section 1516a(a)(3) permits a party to challenge Commerce's final affirmative subsidy determination where the Commission's final negative injury determination has been contested.

2. Constitutionality of Section 1516a(a)(3).

Movants argue that if section 1516a(a)(3) permits this action to be brought, the statute unconstitutionally requires this Court to render an advisory opinion. They say that if the Commission's negative injury determination is upheld in *National Pork Producers Council v. United States*, Court No. 85–9–01209, an opinion regarding the validity of Commerce's affirmative subsidy finding would prove advisory. Movants'

argument rests upon the assumption that unless the negative determination of the Commission is the result of margins analysis, an affirmative subsidy determination presents a live controversy only when it is certain that countervailing duties will be imposed.

"Congress may not, of course, require this Court to render opinions in matters which are not 'cases or controversies.'" *Buckley v. Valeo*, 424 U.S. 1, 11, 96 S.Ct. 612, 631, 46 L.Ed.2d 659 (1976). Article III of the Constitution limits the jurisdiction of this Court to disputes which call "for an adjudication of present right upon established facts." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 242, 57 S.Ct. 461, 465, 81 L.Ed. 617 (1937). "This requires a real and substantial dispute affecting the legal rights and obligations of parties with adverse interests." *C.R. Bard, Inc. v. Schwartz*, 716 F.2d 874, 879 (Fed.Cir.1983). A final administrative action that "determines a 'right or obligation' so that 'legal consequences' will flow from it is reviewable." *Pennsylvania Railroad v. United States*, 363 U.S. 202, 205, 80 S.Ct. 1131, 1133, 4 L.Ed.2d 1165 (1960).

The subsidy investigation regarding live swine and fresh, chilled and frozen pork from Canada is final and complete. Commerce's role in the administration of the subsidy investigation terminated when it issued its final determination which established that the investigated industry is receiving countervailable subsidies, and that countervailing duties would be assessed on all relevant products upon the issuance by the Commission of an affirmative injury determination.

Although Commerce's final determinations constitute final agency action, Congress has prohibited parties from seeking review of those determinations prior to the issuance of the Commission's determination. By postponing challenges to final affirmative Commerce determinations, section 1516a effectively eliminates those appeals which are rendered unnecessary by the Commission's determination. Thus, where the Commission determines that there is no injury, and no appeal from that determination is brought, the proceedings are at an end and Commerce's determination can have no further impact on the parties' rights.

Section 1516a(a)(3) gives a right to review a final affirmative subsidy determination where the legality of a negative injury determination has been placed in question. The appeal in *National Pork Producers Council v. United States*, Court No. 85–9–01209, may result in a determination that an industry in the United States is materially injured or threatened with material injury by imports of fresh, chilled and frozen Canadian pork products.

■ If an affirmative determination by the Commission is issued, Commerce's final affirmative subsidy determination retains its full vitality and effect, and provides a basis for the issuance of a countervailing duty order. The Court holds that Commerce's final affirmative subsidy determination is an action from which legal consequences flow, having a substantial impact on the rights of the parties. *See Pennsylvania Railroad v. United States, supra.* It is within the Court's power under Article III of the Constitution to entertain a challenge to the validity of the determination as required by section 1516a(a)(3).

The Court disagrees with movants' contention that this case is governed by *American Spring Wire Corp. v. United States*, 6 CIT 122, 569 F.Supp. 73 (1983), where an action challenging a suspension agreement based on an affirmative subsidy determination was held to be moot once a negative injury determination was issued. In that case the suspension agreement, the subject of the challenge, became void and could not be resurrected once the Commission issued its final negative injury determination:

It is true that in another action pending in this court, ... plaintiffs have challenged the ITC's no-injury determination—the event which terminated the suspension agreement. However, *no disposition of that determination by this court could possibly breathe new*

*life into the suspension agreement.* The ITC's no-injury finding sounded the death knell of that agreement; this court lacks power to resurrect it, under the circumstances presented here.

6 CIT at 124, 569 F.Supp. at 75 (emphasis added). In contrast, the case before the Court presents a live controversy since the reversal of the Commission's negative injury determination would result in the issuance of a countervailing duty order.

### III. Conclusion

Section 1516a(a)(3) permits a party to challenge a final affirmative subsidy determination where a final negative injury determination is the subject of a pending appeal. The action does not call for an advisory opinion since Commerce's final affirmative subsidy determination has legal consequences affecting the rights of the parties.

The motion to dismiss is denied.