The CANADIAN MEAT COUNCIL and its Members, Including Canada Packers, Inc., Plaintiffs,

Alberta Pork Producers' Marketing Board, et al., Plaintiffs–Intervenors,

v.

UNITED STATES, Defendant,

National Pork Producers Council and Wilson Foods Corp., Defendants–Intervenors.

Court No. 85–09–01168.

United States Court of International Trade.

Feb. 9, 1988.

Arnold & Porter, Lawrence A. Schneider, Douglas A. Dworkin and Michael T. Shor, Washington, D.C., for plaintiffs.

Cameron, Hornbostel & Butterman, William K. Ince and Caren Z. Turner, Washington, D.C., for plaintiffs-intervenors.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director Dept. of Justice, Commercial Litigation Branch, Elizabeth C. Seastrum; Lisa B. Koteen, Office of Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendant.

Thompson, Hine and Flory, Mark Roy Sandstrom, Washington, D.C., for defendants-intervenors.

## MEMORANDUM OPINION AND ORDER

DiCARLO, Judge:

Defendant moves pursuant to Rules 1 and 7 of the Rules of this Court to vacate the remand ordered in *Canadian Meat Council v. United States,* 11 CIT ——, 661 F.Supp. 622 (1987) (*Canadian Meat Council II*), and enter final judgment dismissing the action. Plaintiffs join in the motion to vacate the remand order but cross-move to have final judgment entered in their favor pursuant to the Court's decision. The Court vacates the remand order and dismisses the action for lack of jurisdiction.

## DISCUSSION

Plaintiffs, the Canadian Meat Council and its members, brought this action challenging the final affirmative subsidy determination of the International Trade Administration of the United States Department of Commerce (Commerce) in *Final Affirmative Countervailing Duty Determination; Live Swine and Fresh, Chilled and Frozen Pork Products from Canada,* 50 Fed.Reg. 25,097 (June 17, 1985). In an opinion on plaintiffs' motion for judgment upon the agency record under Rule 56.1 of the Rules of this Court, the action was remanded to Commerce to reconsider its affirmative subsidy determination regarding fresh, chilled and frozen pork from Canada under the upstream subsidy provision of the countervailing duty statutes. *Canadian Meat Council II,* 11 CIT ——, 661 F.Supp. at 622.

Although Commerce reached a final affirmative subsidy determination regarding fresh, chilled and frozen pork imported from Canada, no countervailing duty order was issued because the United States International Trade Commission (Commission) determined that an industry in the United States is not materially injured or threatened with material injury by these imports. *See Live Swine and Pork From Canada,* Inv. No. 701–TA–224, USITC Pub. 1733

(1985). On September 12, 1986, the Court held that plaintiffs could challenge Commerce's final affirmative subsidy determination despite the negative Commission determination because at that time the Commission determination was the subject of a pending appeal. *Canadian Meat Council v. United States,* 10 CIT ——, 644 F.Supp. 1125 (1986) (*Canadian Meat Council I*).

In a subsequent opinion, the Court upheld the Commission's determination that no domestic industry in the United States was materially injured or threatened with material injury by reason of the alleged subsidy. *National Pork Producers Council v. United States,* 11 CIT ——, 661 F.Supp. 633 (1987). That decision of the Court was not appealed, and the time for appeal having expired, the negative determination of the Commission can no longer be reversed. Consequently, no countervailing duty order will issue based on Commerce's affirmative finding of a subsidy.

Defendant now moves to dismiss the action for lack of jurisdiction, arguing that plaintiffs' challenge to Commerce's affirmative subsidy determination does not present a justiciable case or controversy pursuant to article III of the United States Constitution because no countervailing duty order will be issued.

In *Canadian Meat Council I,* the Court noted that final administrative action is reviewable if it determines a right or obligation from which legal consequences will flow. 10 CIT at ——, 644 F.Supp. at 1128 (citing *Pennsylvania R.R. v. United States,* 363 U.S. 202, 205, 80 S.Ct. 1131, 1133, 4 L.Ed.2d 1165 (1960)). The Court found at that time the plaintiffs had a right to review due to the possible reversal of the negative Commission determination, which was on appeal, resulting in issuance of a countervailing duty order against imports of fresh, chilled or frozen pork from Canada.

Plaintiffs acknowledge that the negative Commission determination can no longer be reversed, but argue that their action in this Court is not moot because other adverse consequences may flow from Commerce's

affirmative subsidy determination. Citing *Internor Trade Inc. v. United States*, 10 CIT ——, 651 F.Supp. 1456 (1986), plaintiffs name such adverse consequences as the possible initiation of future investigations, the impact of "moral suasion," and damage to credibility.

*Internor* considered the effect upon individual importers and exporters of fuel ethanol from Brazil caused by an affirmative Commerce determination that the ethanol had been sold in the United States at less than fair value. *Internor* focused on potential adverse consequences to these companies in the context of the antidumping statutes and noted that in future investigations should "critical circumstances" be alleged under 19 U.S.C. § 1673b(e) (1982) and 19 U.S.C. § 1673d(a)(3) (1982 & Supp. III 1985), the companies might suffer detriment due to the earlier dumping finding. *Internor* specifically pointed to section 1673d(a)(3)(A)(ii), which provides for a finding of critical circumstances where "the person by whom, or for whose account, the merchandise was imported knew or should have known that the exporter was selling the merchandise which is the subject of the investigation at less than its fair value," if there is also a finding under 19 U.S.C. § 1673d(a)(3)(B) that "there have been massive imports of the merchandise which is the subject of the investigation over a relatively short period."

Although "critical circumstances" can be alleged in a countervailing duty investigation pursuant to 19 U.S.C. § 1671b(e) (1982) and 19 U.S.C. § 1671d(a)(2) (1982 & Supp. III 1985), critical circumstances may be found only where the subsidy provided is inconsistent with the Agreement on Interpretation and Application of Articles VI, XVI, and XXIII of the General Agreement on Tariffs and Trade (relating to subsidies and countervailing duty measures) and there have been massive imports of the merchandise involved over a relatively short period. 19 U.S.C. § 1671d(a)(2) (1982 & Supp. III 1985). The countervailing duty statutes do not have a critical circumstances provision comparable to section 1673d(a)(3)(A)(ii) of the antidumping statutes. Since *Internor* relied directly on this provision, *Internor* does not apply to this

Court's consideration of the possible adverse consequences plaintiffs raise.

Plaintiffs argue that the affirmative subsidy determination creates uncertainty in the market which adversely affects their sales. Plaintiffs claim changes in the market conditions may lead the Commission to find that a United States industry is materially injured or threatened with injury. Plaintiffs claim changes in the law governing these actions could also lead to reversal of the Commission's negative determination and issuance of a countervailing duty order.

Whether market changes will result in conditions that might support a finding that a United States industry is materially injured or threatened with material injury is highly speculative. If such changes occur and the domestic producers file a new countervailing duty petition, the Canadian producers would be able to assert their defenses armed with the additional support of the Court's reasoning in *Canadian Meat Council II* concerning the upstream subsidy provision. Thus the alleged market uncertainty which Commerce's affirmative subsidy determination purportedly causes does not rise to the level of a case or controversy under article III of the Constitution.

Plaintiffs also assert that other interests have used Commerce's affirmative subsidy determination against them to seek legislative restrictions against Canadian pork imports. Even if true, such alleged activities do not create a justiciable case or controversy in plaintiffs' challenge to the affirmative subsidy finding.

Plaintiffs have failed to persuade the Court that they suffer adverse consequences flowing from the affirmative subsidy determination that present a justiciable case or controversy within the meaning of Article III of the Constitution. The Court holds that this action challenging Commerce's final affirmative subsidy determination is moot because the final negative Commission determination is no longer subject to reversal. The Court also finds that the remand ordered in *Canadian Meat Council II*, 11 CIT at ——, 661 F.Supp. at 622, is not warranted.

The Court will not enter a final judgment pursuant to *Canadian Meat Council II.* That decision is not a final judgment of the Court on the merits of plaintiffs' challenge to Commerce's final affirmative determination. In that decision the Court found a remand was necessary so that Commerce could reconsider the final affirmative finding of subsidy to fresh, chilled and frozen pork from Canada under the upstream subsidy provision of the countervailing duty statute. Since Commerce still could have determined a subsidy existed upon reconsideration, or that the amount of countervailing duty assessed was correct, the Court did not reach a final judgment on the merits of plaintiffs' challenge seeking reversal of Commerce's affirmative subsidy finding or a reduction in the amount of countervailing duty assessed.

### CONCLUSION

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan,* — U.S. ——, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988). Plaintiffs' action challenging Commerce's affirmative subsidy determination regarding fresh, chilled and frozen pork from Canada became moot when the Commission's negative injury determination concerning such imports was no longer subject to reversal. The remand ordered in *Canadian Meat Council II,* 11 CIT at ——, 661 F.Supp. at 622, is not necessary. The remand order is vacated, and the action is dismissed for lack of jurisdiction. Judgment will be entered accordingly.