**NTN BEARING CORPORATION OF AMERICA; American NTN Bearing Manufacturing Corporation; and NTN Toyo Bearing Company, Ltd., Plaintiffs,**

v.

**UNITED STATES; United States Department of Commerce; and C. William Verity, Jr., Secretary, United States Department of Commerce, Defendants,**

The Timken Company, Defendant–Intervenor.

Court No. 87–11–01066.

United States Court of International Trade.

Feb. 1, 1989.

See also, 701 F.Supp. 226.

Barnes, Richardson & Colburn, Robert E. Burke and Donald J. Unger, Chicago, Ill., for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Velta A. Melnbrencis, New York City (Deborah A. Persico and Stephanie J. Mitchell, Attorney–Advisers, Office of the Deputy Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel), for defendants.

Stewart and Stewart, Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., and John M. Breen, Washington, D.C. (Scott A. Scherff, Sr. Corporate Counsel, The Timken Co., of counsel), for defendant-intervenor.

## OPINION

### TSOUCALAS, Judge:

Plaintiffs contest the final review determination of the International Trade Administration of the United States Department of Commerce (ITA) in *Final Determination of Sales at Less Than Fair Value; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan*, 52 Fed.Reg. 30,700 (Aug. 17, 1987), *as amended*, 52 Fed.Reg. 47,955 (Dec. 17, 1987). Plaintiffs move for partial summary judgment on Count I among seven counts raised against the subject determination. Defendants cross-move to dismiss or, alternatively, for partial summary judgment on Count I. The issues are: (1) whether ITA's amendments to its final determination constitute a new determination which may be challenged only in a new action; and (2) whether a category of merchandise that is already subject to an antidumping duty order may be included within the scope of a new investigation.

### *Background*

In 1976, plaintiffs became one of the targets of the Department of Treasury's antidumping duty order covering certain tapered roller bearings (TRBs) from Japan, 41 Fed.Reg. 34,974 (Aug. 18, 1976), which are "4 inches or less in outside diameter when assembled, including inner race or cone assemblies and outer races or cups, exported to and sold in the United States either as a unit or separately." 46 Fed. Reg. 40,550 (Aug. 10, 1981) (Order I). This order's applicability against plaintiffs was revoked in 1982 in accordance with ITA

administrative review results[1] which showed that plaintiffs were no longer making sales of the subject merchandise at less than fair value. 47 Fed.Reg. 25,757 (June 15, 1982). The Timken Company, defendant-intervenor herein, instituted a suit in the U.S. Court of International Trade challenging ITA's revocation determination.

During the pendency of this suit, the Timken Company filed with the ITA a new antidumping duty petition covering all of plaintiffs' TRBs from Japan, including those originally within the scope of Order I.[2] The ITA conducted an investigation in accordance with Timken's petition and, at the conclusion of the investigation, imposed an antidumping duty order against plaintiffs' TRBs from Japan, which covered TRBs measuring four inches or less as well as those over four inches. 52 Fed.Reg. 30,700 (Aug. 17, 1987) (final affirmative antidumping duty determination); 52 Fed. Reg. 37,352 (Oct. 6, 1987) (antidumping duty order) (Order II). The rate of margin was 47.05%. 52 Fed.Reg. at 37,353.

Meanwhile, the Court which was reviewing Order I remanded the case to ITA for recalculations. *Timken Co. v. United States*, 7 CIT 319 (1984) [1984 WL 3725]. The results of redetermination, which yielded *de minimus* dumping margin, were remanded for a second time. *Timken Co. v. United States*, 10 CIT 86, 630 F.Supp. 1327 (1986). Recalculations in accordance with the second remand order led to a dumping margin of 7.79%, whereupon ITA determined that its previous revocation determination would be rescinded. *See Timken Co. v. United States*, 11 CIT ——, 673 F.Supp. 495 (1987).

Plaintiffs in the instant action served a complaint to challenge ITA's final affirmative dumping findings which culminated in Order II. Shortly thereafter, ITA conceded certain clerical errors and amended the antidumping duty margin for plaintiffs under Order II, reducing the margin from

---

1. With the promulgation of the Trade Agreements Act of 1979, the ITA became the new administrative arm of the antidumping law. *See* Exec.Order No. 12,188, 45 Fed.Reg. 989 (Jan. 4, 1980).

2. At the time of filing of this petition, the reviewing Court had remanded the action to the ITA for the second time, and the ITA had yet to submit its redeterminations pursuant to this order.

47.05% to 36.53%. 52 Fed.Reg. 47,955. This Court permitted plaintiffs to file a supplemental complaint to address and incorporate into the original complaint ITA's amendments. ITA argues that this Court lacks jurisdiction over the action, asserting that amendments to a final determination amounts to a new determination which only may be challenged in a separate action. Plaintiffs' motion for partial summary judgment, on the other hand, centers on the argument that ITA erred as a matter of law by initiating an antidumping duty investigation which includes within its scope plaintiffs' TRBs having an outside diameter of four inches or less, because that category of merchandise is already covered under Order I.

### Discussion

### A. Jurisdiction

■ Defendants seek to dismiss the present action on grounds that 19 U.S.C. § 1516a(a)(2)(A) (1982 & Supp. III 1985) requires an action to be filed "[w]ithin thirty days after the date of publication in the Federal Register of notice of any determination." Defendants argue this provision binds a complainant to challenge amendments to an original final determination in a new suit. According to defendants' logic, incorporation of ITA's amendments into the original action destroyed this Court's jurisdictional authority as to both the original final determination and ITA's subsequent amendments to that determination. The Court remains unpersuaded by defendants' reasoning.

The published amendments in controversy make self-evident that these are not a separately actionable determination within the meaning of 19 U.S.C. § 1516a(a)(2)(A). The content of the published amendments indicates that the amendments do not have any independent existence apart from the original final determination. The publication, based on the existing record, merely corrected a number of clerical errors in the final determination. The penultimate sentence of the publication clearly implies that the amendments are merged into the original determination. "The final determina-

tion and antidumping duty order on tapered roller bearings from Japan are amended to incorporate the changes in the calculations as set forth above." 52 Fed.Reg. at 47,956. Since ITA's own publication discloses that the amendments in question do not have a segregable standing apart from the original determination, the Court can only surmise that defendants' present argument amounts to a post-hoc litigious comment.

Plaintiffs correctly state that the law recognizes the filing of a new action in circumstances where the ITA amends the final determination if the change reverses the interested parties' position. *Cf. Freeport Minerals Co. v. United States,* 758 F.2d 629 (Fed.Cir.1985) (rescission of the ITA's determination to postpone revocation adversely impacting a party which did not participate in the suit challenging postponement of revocation gives rise to a new action). The requisite reversal of position is not present in the instant case. Restricting the scope of permissible situations in which separate suits would be allowed to address the intervening circumstances promotes efficient administration of the law and saves the resources of the Court and of the interested parties.

In this regard, the Court has extensive authority to permit service of "a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." USCIT Rule 15(d). Since this authority was properly exercised in accordance with law, this Court possesses jurisdiction under 19 U.S.C. § 1516a(a)(2)(A).

### B. Scope of Investigation

■ Defendants aver that "inclusion of [plaintiffs' TRBs which measure four inches or less in diameter] in the new investigation was another way of determining whether there had been a resumption of sales at less than fair value of [plaintiffs'] TRBs." *Defendants' Cross–Motion to Dismiss or, Alternatively, for Partial Judgment on the Administrative Record* at 21. Plaintiffs disagree on the grounds that defendants' position is contrary to

ITA's own regulation governing revocation. *See* 19 C.F.R. § 353.54. Subsection (e) of this regulation provides that as to a category of merchandise that is covered by a revocation determination, ITA will reinstate the original dumping. order "if circumstances develop which indicate that the merchandise thereafter imported into the United States is being sold at less than fair value." The Court concurs with plaintiffs' position.

One of the basic principles of administrative law is that an administering agency must abide by its own rules to safeguard expectations. The regulation cited above clearly suggests that a revocation determination, whether partial or full, is not an ultimately dispositive administrative pronouncement. Such conclusion logically follows from the terms of the regulation which direct ITA to rescind its revocation determination and to resuscitate the outstanding antidumping duty order through its reinstatement. Under the regulation in dispute, incorporating into a new investigation merchandise that is already subject to an antidumping duty order, albeit revoked, is not a permissible remedial measure to determine whether there has been a resumption of sales at less than fair value. An explicit remedial framework may not be enlarged in general. *Cf. Nat'l Corn Growers Ass'n v. Baker,* 840 F.2d 1547 (Fed.Cir. 1988) (carefully prescribed statutory remedies may not be expanded even if strict adherence to them leaves the aggrieved party without full relief).

Defendants insist on the correctness of their position on grounds that the ITA is statutorily required to institute an antidumping duty investigation "whenever an interested party ... files a petition" alleging sales of a merchandise at less than fair value. 19 U.S.C. § 1673a(b)(1) (1982). Particular provisions of a given body of law may not be read to undermine the laws' internal coherence.

In asserting permissibility of launching multiple investigations with respect to the same category of merchandise, while acknowledging that such merchandise may not be encompassed by multiple dumping order [3], ITA appears to be drawing an artificial distinction. An affirmative antidumping duty determination should only be based on a class of merchandise which actually will be subject to a resulting antidumping duty order. *See Badger–Powhatan, A Div. of Figgie Int'l v. United States,* 10 CIT 241, 633 F.Supp. 1364 (1986), *appeal dismissed,* 808 F.2d 823 (Fed.Cir. 1986).

A contrary rule, whereby an investigation subsumes within its scope a class of merchandise which later must be excluded from the resulting order because another order already covers that merchandise, will most likely distort the accuracy of the administrative findings and the resulting dumping margins. As plaintiffs note, allowing ITA to "temporarily include [plaintiffs'] 0 to 4 inch TRBs in [the second investigation may lead to] the existence of an antidumping duty order based upon investigations by the ITA and the ITC of merchandise the vast majority of which is not even subject to the resulting antidumping duty order." *Plaintiffs' Memorandum in Support of Motion for Partial Summary Judgment* at 26. In view of the foregoing, allowing ITA to proceed with several investigations with respect to the same category of goods on condition that only one order ultimately covers that class of goods serves no purpose other than fueling waste through duplicative administrative proceedings.

Prohibition against such duplicative investigations is also consistent with ITA's several previous actions. In *Final Results of Changed Circumstances Review and Determination Not to Revoke Antidumping Duty Order; Color Television Receivers From Korea,* 52 Fed.Reg. 24,500 (July 1, 1987), ITA determined that a category of merchandise already covered under an existing antidumping duty order will not be

---

**3.** The following statement accompanied publication of Order II: "If the Department's rescission of its revocation of [Order I] with respect to [plaintiffs] is affirmed by final judicial order, this order would not apply to any bearings manufactured by [plaintiffs] that would be covered by the outstanding antidumping duty order." 52 Fed.Reg. at 37,352.

included within the scope of a new investigation. Similarly, ITA concluded in *Preliminary Affirmative Countervailing Duty Determination; Certain Textile Mill Products From Mexico and Rescission of Initiation With Respect to Certain Articles of Sisal*, 50 Fed.Reg. 301 (Jan. 3, 1985), that products subject to a suspension agreement will be excluded from the scope of a new investigation. Since ITA properly interpreted the governing laws on these occasions, the present case represents a departure from ITA's own practice.

### Conclusion

This Court has jurisdiction over the instant action. Further, the pertinent laws prohibit ITA from initiating a new investigation which includes within its purview a class of merchandise that is already subject to an outstanding antidumping duty order. SO ORDERED.

### JUDGMENT

This case having been duly submitted for decision as to Count I of the amended complaint and the Court, after due deliberation, having rendered a decision herein; now, in conformity with said decision,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED: that plaintiffs' motion for partial summary judgment is granted as to Count I; and it is further

ORDERED, ADJUDGED, and DECREED: that the antidumping duty order published in connection with *Final Determination of Sales at Less Than Fair Value; Tapered Roller Bearings and Parts Thereof, Finished and Unfinished, From Japan*, 52 Fed.Reg. 30,700 (Aug. 17, 1987), *as amended*, 52 Fed.Reg. 47,955 (Dec. 17, 1987), is null and void insofar as it has been or may be applied to tapered roller bearings four inches or less in outside diameter when assembled, including inner race or cone assemblies and outer races or cups, that plaintiffs imported or will import from Japan and sold or will sell in the United States either as a unit or separately; and it is further

ORDERED, ADJUDGED, and DECREED: that all estimated antidumping duties collected from plaintiffs pursuant to the presently nullified and voided portions of the above-referenced antidumping duty order shall be returned to plaintiffs; and it is further

ORDERED, ADJUDGED, and DECREED: that no additional estimated antidumping duties shall be collected from plaintiffs under the presently nullified and voided portions of the above-referenced antidumping duty order; and it is further

ORDERED, ADJUDGED, and DECREED: that defendants' cross-motion for partial summary judgment with respect to Count I is denied in all respects.