**ASAHI CHEMICAL INDUSTRY CO., LTD., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Court No. 80-5-00755-S.**

United States Court of
International Trade.

Dec. 6, 1989.

Barnes, Richardson & Colburn, James S. O'Kelly and Leonard Lehman, New York City, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen.; David M. Cohen, Director, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, Washington, D.C., Velta A. Melnbrencis, New York City; of counsel: Tina M. Stikas, Atty. Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., for defendant.

## MEMORANDUM OPINION

TSOUCALAS, Judge:

The defendant United States moves, pursuant to Rules 1, 59, and 60 of the Rules of this Court, for a rehearing of the opinion

and remand order issued in *Asahi Chemical Indus. Co. v. United States*, 12 CIT ——, 692 F.Supp. 1376 (1988). Defendant seeks dismissal of this case in its entirety for lack of jurisdiction or, alternatively, vacatur of that portion of *Asahi Chemical* pertaining to the standing issue. Two main questions are raised: (1) whether revocation of an antidumping duty order by the Department of Commerce, International Trade Administration (Commerce), during the pendency of judicial consideration of the order renders the case moot; and (2) whether the court erroneously decided that plaintiff's grievance is against the antidumping duty order published by Commerce, rather than against the dumping determination of the Secretary of the Treasury which the plaintiff lacked standing to contest under the applicable law. The defendant's motion for a rehearing is granted on the ground that the revocation determination of Commerce rendered this case moot; therefore, the Court does not discern the necessity of analyzing the alternative standing issue.

*Background*

Plaintiff is a Japanese exporter/manufacturer of spun acrylic yarn (SAY). On October 25, 1979, the Treasury Department (the administrative arm of the United States antidumping laws until the promulgation of the Trade Agreements Act of 1979 on January 1, 1980) published a notice of its determination that SAY from Japan was being sold at less than fair value (LTFV). 44 Fed.Reg. 61,492. The weighted-average dumping margin for the plaintiff was found to be 29.05%. *Id.* at 61,493.

In a separate investigation, the United States International Trade Commission (ITC) examined certain data to determine whether an industry in the United States was being, or was likely to be, injured, or was prevented from being established, by reason of LTFV sales of SAY from Japan. The ITC had yet to publish the final results of its investigation when the Trade Agreements Act of 1979 became effective. Consequently, the ITC terminated its pending investigation of SAY from Japan and initi-ated a new injury investigation pursuant to 19 U.S.C. § 1673d. 45 Fed.Reg. 3403 (Jan. 17, 1980). On March 26, 1980, the ITC published its final determination of material injury with regard to SAY from Japan. 45 Fed.Reg. 19,682.

On April 9, 1980, Commerce published an antidumping duty order, consisting of the ITC's material injury determination and the Treasury's final LTFV determination. 45 Fed.Reg. 24,127. Accordingly, "[a]ll unappraised entries of [SAY from Japan] made on and after July 13, 1979, the date on which liquidation was suspended, [became] liable for the possible assessment of antidumping duties. Deposits of estimated antidumping duties [were] required of all entries made on and after [April 9, 1980]." *Id.*

Plaintiff timely filed the instant action in this Court challenging the affirmative determinations of both the Treasury and the ITC. During the pendency of litigation, plaintiff requested Commerce to revoke the subject antidumping duty order as it applies to the plaintiff. Thereafter, Commerce conducted an administrative review and published, on November 16, 1987, its final determination to revoke the order's applicability to the plaintiff. 52 Fed.Reg. 43,781. In the notice, Commerce stated that "there were no shipments of [SAY] to the United States by [Asahi] during the period April 1, 1985 through [July 31, 1986]." *Id.*

A decision on this case, *Asahi Chemical Indus. Co. v. United States*, 12 CIT ——, 692 F.Supp. 1376 (1988), was published on July 25, 1988, remanding the case to Commerce with instructions to recalculate certain prices. The court also disagreed with certain material injury findings made by the ITC but did not issue a concurrent remand to the ITC. The court stated that if the results of Commerce's reassessment of certain prices, as directed in the remand, sustain the affirmative LTFV determination, then "the Court directs the ITC to re-examine its data with regard to injury based on Japanese imports alone during the period of investigation." *Id.* at ——, 692 F.Supp. at 1381.

Commerce did not conduct the remand as ordered by the court; the defendant filed the instant motion for a rehearing.

### Discussion

The litigants agree that the facts warranted revocation pursuant to 19 C.F.R. § 353.54.[1] The divided positions of the parties relate to the question whether such an administrative revocation nullifies the antidumping duty order to the extent that it renders the pending judicial action moot. The source of this dispute is in the interpretation of 19 C.F.R. § 353.54(e), which states that before revocation:

> ... the parties who are subject to the revocation ... must agree in writing to an immediate suspension of liquidation and *reinstatement of the Finding or Order* or continuation of the investigation, as appropriate, *if circumstances develop which indicate that the merchandise thereafter imported into the United States is being sold at less than fair value.* (Emphasis added).

The regulation indicates that the revoked order may be reinstated. Plaintiff argues that this impels a conclusion that the revocation determination is, by its very nature, conditional and therefore does not render moot the issues raised in this case. A corollary to this is that an antidumping duty order may be definitively expunged only through judicial action.

Defendant rebuts that the case does not pose any controversy because, by virtue of the revocation determination of Commerce, plaintiff received the relief that it was seeking in this Court, i.e., shipments of plaintiff's SAY are no longer subject to the imposition of any antidumping duties. Regarding the clause in the regulation pertaining to reinstatement of a revoked order, defendant contends that any pronouncement by the Court would be inappropriate because reinstatement has not occurred.

The Court cannot agree with the plaintiff's construction of the regulation nor adopt the defendant's position on the import of the reinstatement provision. In the Court's opinion, the revocation determination of Commerce quashes the effect of an antidumping duty order, notwithstanding the language in the regulation implying that the revoked order may be reinstated. The law does not permit reinstatement of a revoked order in the manner envisioned by the regulation. Imposition of antidumping duties must have the support of two affirmative findings: a finding of dumping by Commerce and a separate finding by the ITC that this dumping materially injures the domestic industry. *See* 19 U.S.C. §§ 1671–1677g. The regulation, however, indicates that Commerce has the authority to reinstate an order it had previously revoked, if the covered merchandise is dumped anew. It is an impermissible proposition that Commerce will impose antidumping duties based on a finding of dumping alone, without the requisite additional injury finding by the ITC.

The regulatory provision for reinstatement of a revoked order presents other problems. 19 U.S.C. § 1675(c) authorizes Commerce to "revoke, in whole or in part, a countervailing duty order or an antidumping duty order," but does not specify whether such revoked order may be reinstated. On the other hand, the conclusion that a revoked order may not be administratively reinstated finds support in legislative history. "The term 'proceeding' [as in an antidumping duty proceeding] applies to that activity which begins when a petition is filed ... and ends upon the final disposition of the case, up to revocation of an antidumping duty order, if any, ... as the case may be." S.Rep. No. 96–249, 96th

---

1. The regulation governing revocation provides that Commerce may "revoke or terminate, in whole or in part," an antidumping duty order if the merchandise subject to the order is "no longer being [sold] at less than fair value ... and [if] there is no likelihood of resumption of sales [of the covered merchandise] at less than fair value." 19 C.F.R. § 353.54(a). Commerce concluded that revocation was proper because plaintiff had not exported to the United States any SAY from Japan for over four years. 52 Fed.Reg. 43,781 (Nov. 16, 1987). Additionally, Commerce was satisfied "that there is no likelihood of resumption of sales at less than fair value by [the plaintiff]." *Id.* at 43,782.

Cong., 1st Sess. 62 (1979), *reprinted in* 1979 U.S.Code Cong. & Admin.News 381, 448. This corresponds with the statutory scheme which provides only one means for imposing antidumping duties: investigations pursuant to 19 U.S.C. §§ 1671–1677g. Therefore, once Commerce makes a revocation determination, the antidumping duty order ceases to be operative and may not be reinstated pursuant to 19 C.F.R. § 353.54.

■ An exception exists when the revocation determination itself becomes the subject of judicial review. If reversed by the Court, then the revocation determination must be rescinded, and the revoked order must be reinstated. *See NTN Bearing Corp. of America v. United States,* 13 CIT ——, 705 F.Supp. 594 (1989), *appeal docketed,* No. 89–1452 (Fed.Cir. May 12, 1989). In the instant case, the revocation determination of Commerce as to the merchandise exported by Asahi was not challenged in this Court.

The Court fails to discern the logic in defendant's argument that the Court must resolve the question of finality of a revocation determination without addressing the issue of whether a revoked order may be reinstated. Defendant claims that the matter of reinstatement is outside the perimeter of this case because "to date, there has never been an attempt to enforce a promise not to dump in the future." Transcript of Oral Argument at 6. In fact, the defendant is even averse to acknowledging that revocation voids an antidumping order. To the question of whether revocation definitively invalidates an outstanding order, defendant merely states that "Commerce essentially treats orders which it has revoked as no longer in existence." *Id.* at 4. As the Court repeatedly pointed out during the oral argument, these equivocal statements obscure the interdependent nature of the provisions for revocation and reinstatement under 19 C.F.R. § 353.54. Commerce either does, or does not, consider revoked orders to be final for purposes of affecting antidumping duties. If Commerce regards revocation determination to be final, then the instant case is moot, and

there cannot be any reinstatement pursuant to 19 C.F.R. § 353.54. Conversely, if Commerce insists that it retains residual authority to reinstate a revoked order in the future, then the instant case cannot be declared moot because revocation determination is not final. Therefore, it is incongruous for the defendant to claim that a revocation determination by Commerce demands dismissal of this case, while asserting at the same time that it is improper for the Court to pass judgment on the reinstatement provision of the regulation.

While the defendant failed to provide the Court with some persuasive arguments justifying the problematic reinstatement provision, the Court perceives its obvious purpose: discourage resumption of dumping immediately after revocation. With the threat of such abuse of revocation, there are some policy concerns about having to undertake an entirely new investigation. On the other hand, however, the provision is so ambiguous as to make the standard of reinstatement conjectural. The provision does not specify the circumstances under which Commerce will consider reinstatement, nor the type of investigation which will precede reinstatement. The provision also is silent regarding the interrelationship between reinstatement and the existing statutory framework for imposing duties. The Court cannot affirm the reinstatement provision under 19 C.F.R. § 353.54, because it does not assure a reasonable degree of certainty to the interested parties whose conduct it purports to regulate. Whether or not reinstatement may be accomplished through an amendment to 19 C.F.R. § 353.54, or through a new provision, should be the subject of another case.

■ The foregoing analysis disposes of other contentions arising under 19 C.F.R. § 353.54. Plaintiff theorizes, for instance, that injury determination of the ITC is immune from the revocation determination of Commerce because under our trade laws, Commerce makes only the LTFV findings; the ITC is entrusted with making the material injury determinations. Therefore, plaintiff claims that the ITC retains the

exclusive authority to revoke the injury component of an antidumping duty order. This argument is unsound because 19 U.S.C. § 1675(c) empowers *Commerce* to "revoke, in whole or in part, a countervailing duty order or an antidumping duty *order."* (Emphasis added). That an order consists of an affirmative LTFV determination as well as an affirmative *material injury* determination, hardly needs recitation.[2]

## Conclusion

The Court determines that a revocation determination of Commerce pursuant to 19 C.F.R. § 353.54, which is not timely challenged in this Court, voids an antidumping duty order and therefore renders the instant case moot. Therefore, the defendant's motion for a rehearing is granted, and the action is dismissed. SO ORDERED.

---

**2.** In this connection, the Court does not need to resolve whether the instant case is analogous to *Canadian Meat Council v. United States,* 12 CIT ——, 680 F.Supp. 390 (1988), or to *Internor Trade, Inc. v. United States,* 10 CIT 826, 651 F.Supp. 1456 (1986), because these cases are potentially relevant only if the revocation determination of Commerce has no effect on the injury determination of the ITC.