**AMERICAN CHAIN ASSOCIATION, Plaintiff,**

v.

**UNITED STATES, Defendant,**

**and**

**Tsubakimoto Chain Co. and U.S. Tsubaki, Inc., Defendants–Intervenor.**

**Court No. 89–02–00060.**

United States Court of International Trade.

Sept. 17, 1990.

Covington & Burling (David E. McGiffert and David R. Grace), Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Velta A. Melnbrencis), Pamela Green, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, of counsel, Washington, D.C., for defendant.

Barnes, Richardson & Colburn, (Robert E. Burke, Donald J. Unger and Kazumune V. Kano), Chicago, Ill., for defendants-intervenor.

## MEMORANDUM OPINION

CARMAN, Judge:

Defendant United States Department of Commerce (Commerce) and intervenors Tsubakimoto Chain Company and U.S. Tsubaki, Inc. (collectively referred to as Tsubakimoto) move pursuant to Rules 1, 6, 7, and 12 of this Court to dismiss this case as moot. Plaintiff American Chain Association (plaintiff) opposes the motion. The complaint in this action contests Commerce's final results of the 1986–1987 administrative review of the roller chain antidumping duty finding with respect to Tsubakimoto. *See Roller Chain, Other Than Bicycle, From Japan; Final Results of Antidumping Duty Administrative Review and Intent To Revoke In Part,* 54 Fed.Reg. 3,099 (Jan. 23, 1989); *See* Tariff Act of 1930, as amended, § 751, 19 U.S.C. § 1675 (1988) (section 751); 19 U.S.C. §§ 1516a(a)(2)(A)(i), 1516a(a)(2)(B)(iii) (1988); 28 U.S.C. § 1581(c) (1988).

## BACKGROUND

On February 4, 1988, the Court issued a consent order requiring Commerce to conduct an administrative review of Tsubakimoto's roller chain entered during the period April 1, 1986 through March 31, 1987. *UST, Inc. v. United States,* Court No. 86–08–00993.[1] On January 23, 1989, Commerce published the final results of the administrative review for this period. *See Roller Chain, Other Than Bicycle, From Japan,* 54 Fed.Reg. 3,099. Commerce determined that a weighted-average dumping margin of 0.47 percent *ad valorem* existed for Tsubakimoto during the period reviewed. As a result of this *de minimis* margin, Commerce announced that it would not require a cash deposit for estimated antidumping duties for future entries. *Id.* at 3,101. Commerce further announced its intention[2] to partially revoke the antidumping finding on Tsubakimoto's chain, after determining that there was no likelihood of resumption of sales at less than fair value. *Id.* Plaintiff challenges these results in this action.

On August 14, 1989, Commerce published a notice of partial revocation of the antidumping finding on roller chain. *See Roller Chain, Other Than Bicycle, From Japan; Revocation In Part of Antidumping Finding,* 54 Fed.Reg. 33,259 (Aug. 14, 1989). In the notice, Commerce stated that the "partial revocation applied to all unliquidated entries [of] this merchandise manufactured and exported by Tsubakimoto and entered, or withdrawn from warehouse, for consumption on or after September 1, 1983." *Id.* at 33,260.[3]

Plaintiff instituted Court No. 89–09–00513, contesting the revocation determination and moved for a preliminary injunction, but did so after the statutory filing period had expired. On December 28, 1989, this Court granted Commerce's motion to dismiss plaintiff's challenge to the revocation determination based upon lack of jurisdiction for failure to commence a timely action. *See American Chain Ass'n v. United States,* 13 CIT ——, 746 F.Supp. 112 (1989).

## CONTENTIONS OF THE PARTIES

■ Commerce maintains that plaintiff's failure to file a timely challenge to the revocation of the underlying antidumping duty order as to Tsubakimoto, published August 14, 1989, has made the pending challenge to Commerce's administrative review for the period 1986–1987 moot be-

---

1. This order also provided that if the review for the 1986–1987 period disclosed no antidumping margins, Commerce would not determine whether to finally revoke the antidumping duty order as to Tsubakimoto (T.D. 73–100) until the Court had decided, following briefing by the parties, whether or not a review was required for the period April 1, 1985 through March 31, 1986.

2. Commerce's determination was tentative because of this Court's outstanding order in Court No. 86–08–00993 not to revoke its antidumping duty finding with respect to Tsubakimoto without further briefing before the Court. *See* 54 Fed.Reg. at 3,100.

3. Commerce also noted that Court No. 86–08–00993 (wherein the Court ordered Commerce not to revoke the antidumping duty order until the Court could further review the matter) had been dismissed on May 15, 1989. *See* 54 Fed. Reg. at 33,260.

118

cause Commerce's revocation determination is now final and binding on the Court. In other words, Commerce contends any decision rendered by this Court in this action concerning the section 751 review would only be advisory and therefore violative of Article III of the U.S. Constitution since there is no outstanding antidumping duty order. Tsubakimoto advances similar arguments to this effect.

Plaintiff asserts that this Court's dismissal of its challenge to Commerce's revocation of the antidumping duty order as to Tsubakimoto (due to the untimely filing of the summons) in no way mooted its pending challenge to the final results of Commerce's administrative review of entries of roller chain for the period 1986–1987.

Plaintiff contends, citing 19 C.F.R. § 353.54(e) (1988)[4], that based on Tsubakimoto's written assurances agreeing "to an immediate suspension of liquidation and reinstatement of the [dumping] Finding ..." if future sales of roller chain were made at less than fair value,[5] and Commerce's express reliance on this reinstatement agreement in reaching its tentative revocation determination, have operated to maintain its present challenge to the 1986–1987 administrative review as a live controversy. This is so, plaintiff argues, because if it were to prevail on the calculation counts in its complaint thus rendering the dumping margins more than *de minimis*, Commerce would be *required* to reinstate the antidumping duty finding as to Tsubakimoto and assess antidumping duties upon Tsubakimoto's 1986–1987 roller chain entries in accordance with those revised calculations.

DISCUSSION

The Court now turns to an examination of the applicable law. The jurisdiction of a court established pursuant to Article III of the U.S. Constitution is limited to the adjudication of live cases and controversies between the parties before it. *See* U.S. Const. art. III, § 2, cl. 1; *Burke v. Barnes*, 479 U.S. 361, 363, 107 S.Ct. 734, 736, 93 L.Ed.2d 732 (1987).

This Court may only entertain a suit that involves "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *Aetna Life Insurance Co. v. Haworth*, 300 U.S. 227, 241, 57 S.Ct. 461, 464, 81 L.Ed. 617 (1937). In those circumstances where a pending action is made moot by later events, this Court must dismiss the pending action for lack of jurisdiction. *See e.g., Asahi Chemical Industry Co., Ltd. v. United States*, 13 CIT ——, 727 F.Supp. 625 (1989)[6]; *American Spring Wire Corp. v. United States*, 6 CIT 122, 124, 569 F.Supp. 73, 74–75 (1983).

Once Commerce has published its final determination to revoke an antidumping duty order, aggrieved parties may challenge Commerce's revocation order within the statutory time limits. *See* 19 U.S.C. § 1516a(a). If such an action is properly and timely commenced, the challenging litigant(s) can contest the "factual findings or legal conclusions upon which [Commerce's] determination is based." *Id.*

A revocation determination becomes final when a litigant misses the statutory deadline for challenging that determination, as did plaintiff here. *See American Chain Ass'n v. United States*, 13 CIT ——, 746 F.Supp. 112. It follows that once a revocation determination is final, outstand-

**4.** The regulation provides, in part, that before revocation:

the parties who are subject to the revocation ... must agree in writing to an immediate suspension of liquidation and reinstatement of the Finding or Order or continuation of the investigation, as appropriate, if circumstances develop which indicate that the merchandise thereafter imported into the United States is being sold at less than fair value.

19 C.F.R. § 353.54(e) (1988).

**5.** *See Roller Chain, Other Than Bicycle, From Japan; Preliminary Results of Administrative Review of Antidumping Finding and Tentative Determination To Revoke In Part*, 48 Fed.Reg. 39,673, 39,674 (Sept. 1, 1983).

**6.** In *Asahi*, the court found that Commerce's revocation of an antidumping duty order mooted challenges to the underlying less than fair value and injury determinations. 13 CIT ——, 727 F.Supp. 625.

ing challenges to section 751 administrative reviews of the antidumping duty order, covering time periods after the effective date of the final revocation determination, are necessarily moot. In other words, the resolution of these pending challenges can have no force since there is no underlying antidumping duty order outstanding. Thus, the only relief the court could provide would be advisory and therefore violative of the Constitution.

Plaintiff here challenges Commerce's finding of a *de minimis* dumping margin for the 1986–1987 administrative review period. Based upon plaintiff's briefs, it appears that it is attempting to use its challenge to the 1986–1987 review period, as a way of revisiting Commerce's final revocation of the dumping order. In short, plaintiff wants this court to treat the 1986–1987 review challenge as a live controversy, speculating that its outcome would nullify Commerce's revocation determination. Unfortunately for plaintiff, however, this argument is unavailing because this Court was divested of jurisdiction to address the merits of the challenge to the 1986–1987 administrative review period when the underlying antidumping duty determination was revoked without timely challenge. Consequently, plaintiff's challenge to the 1986–1987 administrative review concerning the period after the September 1, 1983 effective date of the partial revocation, must be dismissed as moot.

 Even assuming, *arguendo*, that Commerce's revocation determination was based directly upon an administrative review wrongly arrived at, the time to contest that revocation determination has expired. The Court cannot now properly reach the merits of plaintiff's argument that the 1986–1987 calculations were flawed. Congress has established the statutory scheme for judicial review of a revocation determination, and this Court may not expand it by allowing a litigant to contest that determination in the context of an administrative review challenge, the outcome of which can have no practical effect. In this regard, absent an antidumping duty order, no antidumping duties can be as-

sessed with regard to Tsubakimoto's roller chain entries. The statutory scheme dictates that the existence of an unrevoked antidumping duty order is a necessary predicate to judicial review of section 751 administrative review determinations.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss this action as moot is granted, and the action dismissed.