WILSEY FOODS, INC., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 92–11–00754

(Dated February 4, 1994)

*deKieffer Dibble & Horgan, (J. Kevin Horgan)* for plaintiff.
*Frank W. Hunger,* Assistant Attorney General, *Joseph I. Liebman,* Attorney in Charge, International Trade Field Office, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Edith Sanchez Shea)* for defendant.

## MEMORANDUM OPINION

MUSGRAVE, *Judge:* Defendant moves pursuant to Rules 12(b)(1) and 12(b)(5) of the Rules of the United States Court of International Trade ("USCIT") and 28 U.S.C. § 1581(a), to dismiss this action for lack of jurisdiction, claiming that the merchandise which plaintiff sought to release from exclusion into the United States either entered the United States or was exported; as a consequence there is no case or controversy. The Court finds that it does have jurisdiction to hear this action, and therefore denies Defendant's Motion to Dismiss.

## BACKGROUND

Wilsey Foods Inc. ("Wilsey)" is an importer and reseller of baking and confectionery products. Wilsey purchases its white truffel and white chocolate flavored coating chips from Nordbakels of Gothenburg, Sweden. These products are edible items which are used in their condition as imported for coating, decorating, and filling, baked goods and confections. White truffel and coating chips are perishable products which should not be stored for more than six months prior to use.

Between December 18, 1991 and January 29, 1992, Wilsey entered four shipments of these products to fill orders placed by one customer. Additional shipments were planned. Upon entry, the United States Customs Service ("Customs") found that the imported merchandise was classifiable under subheading 1901.90.3030 of the Harmonized Tariff Schedule of the united States ("HTSUS"), a tariff provision covering

milk products which is subject to a quota restriction in subheading 9904.10.60, HTSUS. As a consequence, Customs issued notices of redelivery on the four entries involved in this case.

Wilsey filed two timely protests against the exclusion of this merchandise, noting in its protest that in accordance with 19 C.F.R. § 174.21(b) the protests had to be decided within 30 days because they involved exclusions of merchandise. Despite notice of this requirement, Customs did not decide the protests until June 23 and June 25, 1992, more than six months after the earliest entry and nearly five months after the last entry. In response to Wilsey's protests, Customs headquarters issued a binding ruling on May 26, 1992 (HQ 951585) classifying white truffel under HTSUS item 1901.90.3030. Based on this ruling, Wilsey's protests were denied. Subsequently, most of the imported merchandise as exported.[1] With respect to merchandise which had already been delivered, Wilsey was required to pay liquidated damages.

Upon the return of the merchandise to Sweden, Nordbakels determined that it was not salvageable. The merchandise was subsequently destroyed.

Defendant argues that plaintiff's Complaint against the exclusion of merchandise is moot because there is no merchandise to be excluded in this case, therefore, there is no case or controversy involved in this matter. Plaintiff claims that the classification of perishable products which have been excluded from entry is an issue which is capable of repetition, yet evading review, and this is covered by an exception to the mootness doctrine. Consequently, this action is not moot.

## DISCUSSION

To support is contention that plaintiff's claim is moot, defendant notes that Article III of the Constitution requires a presently pending case or controversy. *Burke v. Barnes,* 479 U.S. 361, 363, (1987); *American Chain Ass'n v. United States,* 14 CIT 666, 668, 746 F. Supp. 116, 118 (1990) ("[t]his Court may only entertain a suit that involves 'a real and substantial controversy admitting of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts'") (citations omitted). Actions that fail this case or controversy test are ones where the issues are no longer live and the parties lack a legally cognizable interest in the outcome. *Northwest Envtl. Defense Ctr. v. Gordon,* 849 F.2d 1241, 1244 (9th Cir. 1988).

Stated another way, the test is whether a present controversy exists as to which effective relief may be granted. *Id.* Relief may, be granted however, for controversies that appear moot, but are "capable of repitition, yet evade review." *Campesinos Unidos, Inc. v. United States Dep't of Labor,* 803 F.2d 1063, 1067 (9th Cir. 1986); *see ConnAire, Inc. v. Secre-*

---

[1] The entry papers in this case, contained in the Court file, show that: the merchandise imported under entry number 082–017415–0 was exported; 90% of the merchandise imported under entry number 082–017–4920–0 was exported; and 4746 kgs of the 4794 kgs imported under entry number 082–0175654–4 were exported. None of the merchandise imported in entry number 082–017–4719–6 could be redelivered or exported.

*tary, United States Dep't of Transp.,* 887 F.2d 723, 726 (6th Cir. 989); *Roe v. Wade,* 410 U.S. 113, 125 (1973). In addition, Courts have also found review proper when there are grave questions as to the legality of administrative procedure, a strong public interest in early resolution of these questions and an impossibility of administrative solution. *Atlantic Richfield Co. v. United States Dep't of Energy,* 769 F.2d 771, 784 (D.C. Cir. 1984).

In *Atlantic Richfield Co.,* plaintiff brought suit for declaratory and injunctive relief from administrative levy of discovery sanctions in two proceedings before the Department of Energy involving charged violations of price-control regulations. The district court dismissed the case, holding that the oil company's claims were not ripe for judicial review and that the company had not exhausted available administrative remedies. Plaintiff appealed the court's decision. The Court of Appeals for the D.C. Circuit held that: 1) claims were ripe for judicial review; and 2) the oil company was not required to resort to any supposed administrative remedies. The court stated:

> "We realize, of course, that the time and expense of litigation does not normally justify interlocutory review. Yet, as it aptly has been said, those outlays are 'not a burden we should impose too blithely.' And, given the grave questions as to the legality of the Department's procedures, the strong public interest in early resolution of those questions, and impossibility of finally settling them administratively, our decision to proceed will not require effort to be 'expended in vain, without any compensating clarification of the issue.' On balance, we find the issues of the Department's statutory power to adjudicate remediation for price-control violations, and to impose discovery sanctions in the course thereof, ripe for judicial review."

769 F.2d at 784.

Likewise, in *Wise v. Bergland,* 611 F.2d 710 (8th Cir. 1979), *cert denied,* 449 U.S. 821 (1980), plaintiff had a colorable claim that the basis of Secretary of Agriculture's power to proceed was facially invalid. The Department's view of the regulation's validity was virtually immutable, and expenses incurred to challenge the regulations within the agency would be expended in vain, without any compensating clarification of the issue. The Court stated:

> "Although the litigant does not clearly satisfy the classic requirements of equitable relief, requiring him to resort first to the administrative process will subject him to unrecoverable loss in the form of litigation expense. This cost, although 'part of the social burden of living under government'," *Petroleum Exploration, Inc. v. Public Service Commission,* 304 u.S. 209, 222, 58 S.Ct. 834, 841, 82 L.Ed. 1294 (1938), is not a burden we should impose too blithely * * *. Although the question is close, we conclude that the district court acted within its discretion in declining to require exhaustion."

611 F.2d at 720.

There is nothing hypothetical about the issue in this case. The merchandise at issue has a useful life of six months. Under 19 U.S.C. § 11515(b), the earliest time at which an importer could compel judicial review of a protestable issue is four months after a protest is filed. See *Cherry Lane Fashion Group, Inc. v. United States,* 13 CIT 291, 293, 712 F. Supp. 190, 192 (1989). Further, a protest can only be filed after Customs makes a protestable determination. The pertinent facts in this case show that even when the protestable action is an exclusion of merchandise, Customs may not issue a notice of redelivery until two months or more after the merchandise enters the United States. Defendant asserted at oral argument that the plaintiff did not avail itself of expedited procedures for review. 19 C.F.R. § 174.21(b). Plaintiff has successfully rebutted that assertion. Plaintiff filed two timely protest against the exclusion of the merchandise and noted on its protest that in a accordance with 19 C.F.R. § 174.21(b) the protest had to be decided within 30 days due to the fact that it involved exclusions of merchandise. Despite notice of this requirement, Customs failed to comply with its own regulations. As a result, Customs did not decide the protests until June 23 and June 25, 1992, more than six months after the earliest entry and nearly five months after the last entry.

The Court finds as a matter of fact that a genuine controversy existed and continues to exist between the parties. The misfeasance of Customs in not complying with its own regulations did not and does not extinguish that controversy. The Court finds that in this particular case, there is a compelling policy to uphold against allowing the government to control the ripeness or eligibility of a claim by arbitrarily applying or disregarding its own regulations. The Court finds that the classification and subsequent review thereof, perishable products which have been excluded from entry is clearly an issue which is capable of repetition, yet evading review. It presents a live case and controversy over which this Court has exclusive jurisdiction. Accordingly, the Court denies defendant's motion to dismiss for lack of subject matter jurisdiction.