**NEC CORPORATION, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**Court No. 85-7-00948.**

United States Court of
International Trade.

Jan. 10, 1986.

v.

**ELKEM–SPIGERVERKET A/S KEMI–METAL, Defendant.**

**Civ. A. No. 83-0366.**

United States District Court,
M.D. Pennsylvania.

March 11, 1986.

ORDER

Tanaka Walders & Ritger (Patrick F. O'Leary, Washington, D.C., on brief), for plaintiff.

Richard K. Willard, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Washington, D.C. (Velta A. Melnbrencis, New York City), for defendant.

WATSON, Judge:

Plaintiff NEC Corporation has moved, pursuant to 28 U.S.C. § 2646 and Court of International Trade Rule 59(a), for rehearing and amendment of this court's judgment of November 19, 1985 dismissing this case. The motion was filed herein on December 6, 1985. Defendant filed a responsive memorandum on December 27, 1985, to which plaintiff filed a reply on January 6, 1986.

■ The court initially notes that on December 4, 1985, prior to the filing of this motion, plaintiff filed a notice of appeal to the Federal Circuit of the November 19, 1985 judgment. Under Rule 4(a)(4) of the Federal Rules of Appellate Procedure as amended in 1979, the timely filing of a motion for new trial or to alter or amend the judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure nullifies a previously filed notice of appeal, and the time for appeal runs from the district court's disposition of the motion. *See* Advisory Committee Note to 1979 Amendment to Fed.R.App.P. 4(a)(4); *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 59–61, 103 S.Ct. 400, 402–03, 74 L.Ed.2d 225 (1982). Since Rule 59 of this court is patterned after Rule 59 of the Federal Rules of Civil Procedure, the court concludes that it has jurisdiction to dispose of the instant motion, the filing of which nullified the previously filed notice of appeal.

■ In the previous ruling, the court held that plaintiff's attempt to file the summons commencing this action by certified mail without affixing sufficient postage did not meet the requirements for date-of-mailing filing under Rule 5(g) of this court and thus was unsuccessful. Because plaintiff's subsequent attempt to file the summons was untimely, the action was dismissed for lack of jurisdiction. *See* 622 F.Supp. 1086. Plaintiff now seeks to introduce "newly discovered evidence" which allegedly demonstrates that the postage affixed to the envelope containing the summons was in fact sufficient. This so-called "new evidence" is the original certified mail receipt prepared by the secretary to plaintiff's counsel, a copy of which is attached as Appendix A to plaintiff's memorandum, filed December 6, 1985. Plaintiff acknowledges that it failed to pay the fee for the return receipt, but contends that this should not have prevented delivery of the summons to the clerk under applicable postal regulations. Plaintiff argues that the postage affixed to the envelope containing the summons satisfied the "proper postage" requirement of Rule 5(g).

For present purposes, the court may assume, without deciding, that the newly produced evidence, the original certified mail receipt, was previously unavailable to plaintiff's counsel even with due diligence, and that the "proper postage" requirement for date-of-mailing filing under Rule 5(g) does not include the return receipt fee. Even so, the minimum required postage, according to plaintiff's own calculations, would be $1.65—comprised of $.90 to cover the weight of the envelope and its contents, and a certified fee of $.75.

Plaintiff accurately describes the original certified mail receipt prepared by the secretary to plaintiff's counsel in footnote 3 of its memorandum, filed December 6, 1985, as follows:

> As indicated, the receipt shows $.90 to cover the postage and $.75 to cover the certified fee. The total shown on the receipt is $1.45 which represents a mathematical error.

The crucial question, therefore, is whether plaintiff's counsel affixed $1.65 to the envelope containing the summons or whether the total affixed was only $1.45 as shown on the receipt.

The court, in an effort to resolve this matter, has examined the cover to the original envelope. That envelope is contained in the court file because plaintiff's counsel used the same envelope for the subsequent successful certified mailing of the summons. The postage for the latter mailing was affixed by a printed stick-on label. A partial lifting of that label reveals that the postage for the original mailing was printed directly onto the envelope. The amount printed is unquestionably $1.45. Hence, the original affixed postage was $.20 less than the amount required under plaintiff's own calculations.

Accordingly, because the court has previously ruled that the failure to affix sufficient postage defeats date-of-mailing filing under Rule 5(g), it is

ORDERED that plaintiff's motion for rehearing and amendment of judgment is hereby denied.