**NEC CORPORATION, Appellant,**

v.

**UNITED STATES, Appellee.**

**Appeal Nos. 86–912, 86–922.**

United States Court of Appeals, Federal Circuit.

Nov. 28, 1986.

Patrick F. O'Leary, Tanaka, Ritger & Middleton, Washington, D.C., argued for appellant. With him on the brief was H. William Tanaka.

Velta A. Melnbrencis, Commercial Litigation Branch, Department of Justice, Washington, D.C., argued for appellee. With her on the brief were Richard K. Willard, Asst. Atty. Gen. and David M. Cohen, Director.

Before RICH, BALDWIN,* and BISSELL, Circuit Judges.

---

* The Honorable Phillip B. Baldwin assumed Senior Circuit Judge status effective November 25, 1986.

BALDWIN, Circuit Judge.

NEC Corporation's (NEC) action contesting an antidumping determination was dismissed by the United States Court of International Trade (trial court) due to untimely filing. *NEC Corp. v. United States*, 622 F.Supp. 1086 (1985), *reh'g denied*, 628 F.Supp. 976 (Ct.Int'l Trade 1986). We affirm.

### Background

NEC attempted to bring an action in the Court of International Trade contesting an antidumping determination. A summons to initiate the action was posted by certified mail to the trial court within the thirty day deadline for such appeals but the mailing was never delivered to the clerk for filing. Instead, the mailing was returned with the notation "insufficient postage." The summons was then remailed with sufficient postage, but out of time. Upon receipt, the clerk deemed the summons as having been filed on the latter, untimely mailing date. The United States then filed a Motion to Dismiss for Lack of Jurisdiction. NEC countered with a Motion to Correct the Filing Date. Acting on these motions, the trial court found that neither the summons mailed with insufficient postage nor the remailed summons met the filing requirement of Rule 5(g) of the Rules of the Court of International Trade which provides:

(g) *Service and Filing—When Completed*

Service or filing of any pleading or other paper by delivery or by mailing is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served, or to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed served or filed as of the date of mailing.

In response to the Motion to Dismiss, NEC argued that affixation of proper postage was not a jurisdictional prerequisite when filing a summons pursuant to Rule 5(g) or alternatively that a factual determination as to whether excusable neglect existed to justify acceptance of the summons should be made. The trial court rejected these arguments and refused to take jurisdiction over the matter. Also denied was NEC's subsequent Motion for Rehearing and Amendment of Judgment. In support of this motion, NEC pointed out that since "proper postage" is nowhere defined in the Rules, the trial court should have used its discretion to make an excusable neglect determination or, alternatively, determine that proper postage had been affixed.

This is an appeal of the trial court's decisions of November 19, 1985 and January 10, 1986 refusing to accept the summons as timely filed under the portion of Rule 5(g) directed to deeming the filing date as of date of mailing.

### OPINION

The proper filing of a summons to initiate an action in the Court of International Trade is a jurisdictional requirement which appellant has failed to meet.

The United States is immune from suit except in accordance with the terms and conditions under which it consents to be sued. Under 19 U.S.C. § 1516a an interested party may commence an action contesting an antidumping determination by properly filing a summons and complaint within 30 days after a notice of the determination is published in the Federal Register. This is a plain and unambiguous requirement of a 30 day deadline for commencement of an action. Meeting that deadline by mail is conditioned upon affixation of proper postage and mailing within 30 days.

The summons is to be filed in a manner prescribed by the Rules of the Court of International Trade. 19 U.S.C. § 1516a(a)(1). The rules prescribing the manner and method for filing a summons constitute terms and conditions upon which the United States waives its sovereign immunity. Suit is barred unless the summons is filed in conformity with these rules. 28 U.S.C. § 2636(c).

Contrary to the NEC assertion that deviation from the Rules of the Court of International Trade may be subject to excuse and remedied upon equitable principles, the requirement of a properly and timely filed summons is a requisite of jurisdiction which cannot be waived. *Georgetown Steel v. United States,* 801 F.2d 1308, 1312 (Fed.Cir.1986). The terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit. *United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976), quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941). Conditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions. *Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2701, 69 L.Ed.2d 548 (1981), citing *Soriano v. United States,* 352 U.S. 270, 276, 77 S.Ct. 269, 273, 1 L.Ed.2d 306 (1957).

For the foregoing reasons, we *affirm* the trial court's orders dismissing NEC's action and denying rehearing and amendment of judgment.

AFFIRMED.