**258**

NEC CORPORATION and NEC Home Electronics (USA), Inc., Plaintiffs,

v.

UNITED STATES of America, Defendant.

Court No. 88–03–00204.

United States Court of International Trade.

May 10, 1988.

Paul, Weiss, Rifkind, Wharton & Garrison, (Robert E. Montgomery, Jr., Washington, D.C., of counsel on the motion), for plaintiffs.

John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice, Washington, D.C. (Velta A. Melnbrencis, New York City, attorney), for defendant.

MEMORANDUM OPINION AND ORDER

WATSON, Judge:

The process of filing a summons to commence an action for judicial review of determinations in antidumping or countervailing duty matters continues to be a fertile source of procedural puzzles for the courts. See, *NEC Corp. v. United States*, 806 F.2d 247 (Fed.Cir.1986); *Daewoo Electronics Co. v. United States*, 655 F.Supp. 508 (CIT 1987). Plaintiffs' motion to amend its summons, under Rule 3(d) of the Rules of this Court, is the occasion for this dispute. The need for amendment arose as follows: Counsel for plaintiffs had drafted the documents needed to challenge a February, 1988 determination of the Department of Commerce in *Television Receivers, Monochrome and Color, from Japan* (53 Fed. Reg. 4050). All that remained to be done was to remove the internal word processing identification number from a correctly prepared summons, certificate of service, certificate of notification, and transmittal letter. Counsel for plaintiffs acknowledges that the word processing operator (formerly known as the secretary), apparently printed out an old summons which was still on the word processing disc. That summons had never been used. It had an identical first page, but its second page was directed to a *1987* administrative determination. Counsel for plaintiffs assumed that the documents returned to him were in all respects the same as those which he had drafted and seen through a few revisions. He signed them and forwarded them for filing with the court. Thus, within the 30–day time limit established by 19 U.S.C. § 1516a the court received, *inter alia*, a summons mistakenly identifying an administrative determination which plaintiffs had no reason to challenge,[1] and a transmittal

---

1. The administrative determination mistakenly identified by plaintiffs was one made on remand under this court's opinion in *Zenith Electronics Corp. v. United States,* 633 F.Supp. 1382 (CIT 1986). The administrative remand determination was made in April, 1987. On Decem-

letter identifying the determination which plaintiffs truly desired to contest.

In the opinion of the court, the plaintiffs accomplished, albeit in an awkward way, the filing of a summons sufficient to satisfy the requirements of the law. The defects of the filing do not make it a nullity and are appropriately remediable by amendment. Courts should not be as concerned with the technical nomenclature of the documents which are filed as with basic considerations of justice. This is the lesson of *Kelley v. Department of Labor,* 812 F.2d 1378 (Fed.Cir.1987) in which a letter to the clerk of this court was found to satisfy the statutory requirement for a filing of the summons. The mistake made in the summons in these circumstances, viewed in the larger perspective did not completely eliminate its meaningfulness and amounted to something which could properly be clarified by amendment. In this respect, it resembled the misidentification of the plaintiff which occurred in *FirstMiss, Inc. v. United States,* 7 CIT 52 (1984). In this area, the fundamental concern of the court should be whether it is possible to discern from the totality of the documents involved in the filing, the true object of plaintiffs' action. This is an approach which is taken when appellate courts are seeking to identify the object of ambiguous or confused appeals and it ought to apply here. See, e.g., *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *Conley v. Gibson,* 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1955); *United States v. Arizona,* 346 U.S. 907, 74 S.Ct. 239, 98 L.Ed. 405 (1953) (per curiam).

From the totality of the documents filed with the court, it would be possible for a person reasonably familiar with these matters to deduce that it was the 1988 and not the 1987 determination for which plaintiffs

sought judicial review. In point of fact, the counsel for the Department of Commerce who received a copy of the summons filed with the court, and not the transmittal letter, called counsel for plaintiffs shortly thereafter to express his puzzlement. The court is of the opinion that had such person, or any reasonably alert person in a similar capacity, also received the transmittal letter, the intentions of plaintiffs would have been obvious.

In view of the fact that the proper object of plaintiffs' action was discernable from the totality of the documents filed with the court within the thirty day period of limitation, the court does not believe that any material prejudice results to the government from allowing the summons to be amended under Rule 3(d) to reflect that fact. Timely efforts to alleviate the confusion prevented any prejudice from arising. The government is not prejudiced just because it may have been momentarily puzzled. The answer to the puzzle had been timely filed, was easily ascertainable and should now be made a formal part of the summons.

For the reasons given about it is hereby

ORDERED that plaintiffs' motion to amend the summons is hereby granted, and it is further

ORDERED that the document entitled "Summons," filed with the court on March 11, 1988, be amended by substituting in place of page two thereof the correct page two (Exhibit D to plaintiffs' motion).

---

ber 31, 1987, the NEC interests (plaintiffs herein) filed a formal response in this court indicating that they did not oppose Commerce's remand results. It would be unreasonable to think that in this action plaintiffs were seeking to contest a determination ten months too late

and two and one-half months after they had acquiesced to the entry of judgment affirming the determination.