AMERICAN CHAIN ASSOCIATION, Plaintiff,

v.

UNITED STATES, Defendant,

and

Tsubakimoto Chain Co., Ltd and U.S. Tsubaki, Inc., Defendant–Intervenors.

Court No. 89–09–00513.

United States Court of International Trade.

Dec. 28, 1989.

Covington & Burling (David E. McGiffert and David R. Grace), Washington, D.C., for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Commercial Litigation Branch, Civil Div., U.S. Dept. of Justice (Velta A. Melnbrencis), Pamela Green, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, D.C., of counsel, for defendant.

Barnes, Richardson & Colburn, (Robert E. Burke, Donald J. Unger and Kazumune V. Kano), Chicago, Ill., for defendant-intervenors.

## MEMORANDUM OPINION

CARMAN, Judge:

The defendant United States (the government) moves pursuant to Rule 12(b) of this Court to dismiss this action for lack of jurisdiction. Plaintiff American Chain Association (plaintiff) opposes the motion. The complaint in this action seeks to contest the Commerce Department's (Commerce) determination to revoke the roller chain antidumping duty finding with respect to the Tsubakimoto Chain Company. *See Roller Chain, Other Than Bicycle, From Japan*, 54 Fed.Reg. 33,259 (Aug. 14, 1989). Also pending before this Court is plaintiff's request for a preliminary injunction to enjoin the government from liquidating any unliquidated entries of roller chain, other than bicycle, produced by the Tsubakimoto Chain Company in Japan during the pendency of this action[1]

■ The issue before this Court is whether under Rule 5(g) of this Court a summons is deemed "mailed" for purposes of establishing jurisdiction in this Court when plaintiff's counsel caused the summons to be prepared and placed in an envelope properly addressed to the Clerk of the Court, with proper postage affixed and return receipt requested, ready for hand-delivery by counsel's messenger to a local post office, when, due to an accident involving the messenger while in route to the post office, plaintiff's counsel was unable to deliver the summons to the post office until one day outside the filing deadline. Because the government's waiver of sovereign immunity from suit must be strictly construed and no exceptions can be implied, this Court does not have jurisdiction to entertain this action and the government's motion to dismiss must be granted and this case dismissed.

## BACKGROUND

On August 14, 1989, Commerce published its determination in the Federal Register revoking the roller chain antidumping duty as to the Tsubakimoto Chain Company. *See Roller Chain, Other Than Bicycle, From Japan*, 54 Fed.Reg. 33,259. According to affidavits accompanying plaintiff's opposition papers, thirty days thereafter, on September 13, 1989, plaintiff's counsel completed preparation of a summons and complaint seeking to contest Commerce's determination in this Court. Motion papers for a preliminary injunction were also prepared at that time.

All of these papers were placed in an envelope that was properly addressed to the Clerk of this Court. The envelope was weighed at counsel's internal mail facility and appropriate postage and certified mail receipts were affixed to the package. An employee of plaintiff's counsel was given the package for hand delivery to a local post office. While in route to the post office the messenger was struck by a car, which had apparently run a red light. The messenger was taken to a local hospital, treated and kept under observation for the night. Apparently, the envelope containing the pleadings was never delivered to the post office on September 13, 1989.

The next day, upon learning of the unfortunate occurrence, plaintiff's counsel caused the same pleadings and motion papers to be properly mailed to this Court. Pursuant to rules of this Court the summons and complaint and other papers were deemed filed by the Clerk of the Court on September 14, 1989, thirty-one days after the contested determination was published. The government subsequently filed the motion to dismiss.

---

1. Additionally, Tsubakimoto Chain Company, Ltd. and U.S. Tsubaki, Inc. seek to intervene in this action as of right under Rule 24(a) of this Court. The government does not object to this application. Since it is uncontested that movants are interested parties who fully participated in the administrative proceedings below, which resulted in the revocation that is the subject of this action, the motion to intervene is granted.

## DISCUSSION

█ The Tariff Act of 1930, section 516A, provides that an action challenging a final revocation determination must be commenced by filing a summons in this Court within thirty days after the date of publication of the determination in the Federal Register. 19 U.S.C. § 1516a.[2] Pursuit of a civil action contesting a final revocation determination is barred unless commenced within the thirty day period specified by section 516A. *See* 28 U.S.C. § 2636(c) (Supp. V 1987).[3] It is well settled that these statutes, which supply the conditions for the waiver of the sovereign immunity of the United States, are jurisdictional in nature and must be strictly construed. *Georgetown Steel Corp. v. United States,* 4 Fed.Cir. (T) 143, 147, 801 F.2d 1308, 1312 (1986). This Court is not empowered to imply equitable exceptions. *NEC Corp. v. United States,* 5 Fed.Cir. (T) 49, 51, 806 F.2d 247, 249 (1986).

Despite the fact that plaintiff's summons was not deemed filed until one day after the statutory filing period, plaintiff argues that USCIT Rule 5(g)[4] gives this Court the authority to order that the summons be deemed filed as of the date of the first attempted delivery by the messenger. Plaintiff argues that since Congress has delegated to this Court certain authority to prescribe the "manner" of commencing actions in this Court, *see* 19 U.S.C. § 1516a(a)(2)(A), "it is the CIT rules and this Court's interpretation of those rules which ultimately constitute the 'terms and conditions upon which the United States waives its sovereign immunity.'" Plaintiff's Response at 5–6 (quoting *NEC,* 5 Fed.Cir. (T) at 50, 806 F.2d at 248.).

Plaintiff's argument is unpersuasive. Rule 5(g) conforms with the mandates of 28 U.S.C. § 2632(d) (1982) which provides that this Court

> may prescribe by rule that any summons, pleading, or other paper *mailed* by registered or certified mail properly addressed to the clerk of the court with the proper postage affixed and return receipt requested shall be deemed filed as of the date of *mailing.*

(Emphasis added). Thus, this Court has been delegated extremely little authority to prescribe even the manner of service of papers, including filing actions, in this Court. Furthermore, it is well-settled that this Court cannot, through its rules, enlarge its jurisdiction.

> [A]uthority conferred upon a court to make rules of procedure for the exercise of its jurisdiction is not an authority to enlarge that jurisdiction; and the [statute] authorizing this Court to prescribe rules of procedure in civil actions gave it no authority to modify, abridge or en-

---

**2.** 19 U.S.C. § 1516a(a)(2)(A) (1988), concerning judicial review in countervailing duty and antidumping duty proceedings, provides in pertinent part:

> (2) Review of determinations on record
> (A) In general
> Within thirty days after—
> (i) the date of publication in the Federal Register of—
> (I) notice of any determination described in clause (ii), (iii), (iv), or (v) of subparagraph (B) ...

> \* \* \* \* \* \*

> an interested party who is a party to the proceeding in connection with which the matter arises may commence an action in the United States Court of International Trade by filing a summons, and within thirty days thereafter a complaint, each with the content and in the form, manner, and style prescribed by the rules of that court, contesting any factual findings or legal conclusions upon which the determination is based.

The complaint states that the action falls under clause (iii) of subparagraph (B), relating to final determinations, other than determinations reviewable under 19 U.S.C. § 1516a(a)(1).

**3.** 28 U.S.C. § 2636(c) provides:

> (c) A civil action contesting a reviewable determination listed in section 516A of the Tariff Act of 1930 is barred unless commenced in accordance with the rules of the Court of International Trade within the time specified in such section.

**4.** Rule 5(g) states:

> Service and Filing—When Completed.
> Service or filing of any pleading or other paper by delivery or by mailing is completed when received, except that a pleading or other paper mailed by registered or certified mail properly addressed to the party to be served, or to the clerk of the court, with the proper postage affixed and return receipt requested, shall be deemed served or filed as of the date of mailing.

large the substantive rights of litigants or to enlarge or diminish the jurisdiction of federal courts.

*United States v. Sherwood,* 312 U.S. 584, 589–90, 61 S.Ct. 767, 771, 85 L.Ed. 1058 (1941). This principle is also embodied in Rule 1 of this Court which specifies that the "rules [of this Court] shall not be construed to extend or limit the jurisdiction of the court."

■ The Court is especially proscribed from enlarging the time limits for suing the government. In *NEC,* the Court of Appeals upheld Judge Watson's dismissal of an action to contest an antidumping determination, due to untimely filing of the summons. 5 Fed.Cir. (T) 49, 806 F.2d 247. In that case, a summons was posted within the thirty day deadline, but the envelope containing the summons was returned to NEC's counsel for want of sufficient postage. The summons was then remailed, with appropriate postage, but out of time.

The Court of Appeals noted the jurisdictional nature of the filing of the summons and the age old principle that the "United States is immune from suit except in accordance with the terms and conditions under which it consents to be sued." 5 Fed. Cir. (T) at 50, 806 F.2d at 248. The Court observed the thirty day filing deadline was "plain and unambiguous," and that the filing had to be in accordance with the rules of this Court. *Id.* "The rules prescribing the manner and method for filing a summons constitute terms and conditions upon which the United States waives its sovereign immunity. Suit is barred unless the summons is filed in conformity with these rules. 28 U.S.C. § 2636(c)." *Id.* Concluding, the Court of Appeals stated:

> Contrary to the NEC assertion that deviation from the Rules of the Court of International Trade may be subject to excuse and remedied upon equitable principles, the requirement of a properly and *timely* filed summons is a requisite of jurisdiction which cannot be waived. *Georgetown Steel v. United States,* 801 F.2d 1308, 1312 (Fed.Cir.1986). The terms of the government's consent to be sued in any particular court define that

court's jurisdiction to entertain the suit. *United States v. Testan,* 424 U.S. 392, 399 [96 S.Ct. 948, 953, 47 L.Ed.2d 114] (1976), quoting *United States v. Sherwood,* 312 U.S. 584, 586 [61 S.Ct. 767, 769, 85 L.Ed. 1058] (1941). Conditions upon which the government consents to be sued must be strictly observed and are *not subject to implied exceptions. Lehman v. Nakshian,* 453 U.S. 156, 161 [101 S.Ct. 2698, 2701, 69 L.Ed.2d 548] (1981), citing *Soriano v. United States,* 352 U.S. 270, 276 [77 S.Ct. 269, 273, 1 L.Ed.2d 306] (1957).

5 Fed.Cir. (T) at 51, 806 F.2d at 249 (emphasis supplied).

Following the rationale in *NEC,* this Court cannot imply an equitable exception to the requirement that the summons be filed, or be deemed filed, with the Clerk of this Court within the thirty day statute of limitations. This is so even though the late filing appeared to result from an act of God, beyond plaintiff counsel's control.

The summons plaintiff's counsel attempted to deliver to the post office on September 13, 1989 was not "mailed" within the meaning of the statutes or Rules of this Court. The term "mail," as employed in Rule 5(g) and 28 U.S.C. § 2632(d), at the very least, means custody of the U.S. Postal service; it cannot be construed to encompass the operations of in-house mailing facilities, as plaintiff would have this Court interpret the term. The summons was not placed in an appropriate mail receptacle, given to a mail carrier or delivered to the post office on September 13, 1989, thus it cannot be deemed filed as of the same date pursuant to Rule 5(g).

The Court recognizes that construing Rule 5(g) to encompass plaintiff's filing in this case would not prejudice the government or intervenors. Were this Court to possess the authority to exercise its discretion in equity, the Court would most certainly allow plaintiff its day in court. Nevertheless, even in a situation as unfortunate and unforeseeable as the one at bar, this Court cannot interpret the court rules to enlarge or extend its jurisdiction beyond the time limits under which the United

States has consented to be sued. Accordingly, due to plaintiff's failure to timely file the summons, this Court lacks jurisdiction to hear this action.

## CONCLUSION

On the basis of the foregoing, the government's motion to dismiss this action as lacking in subject matter jurisdiction is granted. Plaintiff's motion for a preliminary injunction is thereby denied as moot, and this action is dismissed.