TORRINGTON CO., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND NTN BEARING CORP. OF AMERICA, ET AL., DEFENDANT-INTERVENORS

Court No. 91–05–00355

(Decided October 16, 1991)

*Stewart and Stewart (Eugene L. Stewart, Terence P. Stewart, James R. Cannon, Jr., Wesley K. Caine, Lane S. Hurewitz* and *Serena L. Wilson)*, for plaintiff.

*James A. Toupin*, Assistant General Counsel, *Marc A. Bernstein*, Office of General Counsel, United States International Trade Commission, for defendant.

*Howrey & Simon (Herbert C. Shelley* and *Juliana M. Cofrancesco)* for SKF USA, Inc., SKF Argentina S.A., SKF Steyr Ges.m.b.H., SKF do Brazil Ltda. and SKF Industrias Mexicanas, S.A. de C.V., defendant-intervenors.

## MEMORANDUM OPINION AND ORDER

DiCARLO, *Judge*: Plaintiff brings this action challenging the preliminary negative determinations of injury by the U.S. International Trade Commission in the antidumping and countervailing duty investigations of *Ball Bearings, Mounted and Unmounted, and Parts Thereof, from Argentina, Austria, Brazil, Canada, Hong Kong, Hungary, Mexico, the People's Republic of China, Poland, the Republic of Korea, Spain, Tai-*

*wan, Turkey, and Yugoslavia,* 56 Fed. Reg. 14, 534 (Int'l Trade Comm'n 1991) (neg. prelim.). The Court has jurisdiction under 19 U.S.C. § 1516a(a)(1)(C) (1988) and 28 U.S.C. § 1581(c) (1988).

Defendant-intervenors SKF USA, Inc., SKF Argentina S.A., SKF Steyr Ges.m.b.H., SKF do Brazil Ltda. and SKF Industrias Mexicanas, S.A. de C.V. ("SKF"), move the Court to reconsider its order granting plaintiff's motion to amend its timely filed summons and complaint. Plaintiff's motion, filed outside the statutory time limit for bringing an action, amended two paragraphs in the summons and one paragraph in the complaint by including "Spain" in the title of the above ITC determinations. Plaintiff's motion to amend was unopposed.

SKF claims it never had the opportunity to contest plaintiff's motion because it was granted by the Court before SKF was permitted to intervene. SKF argues plaintiff's original summons and complaint did not identify the Spanish antidumping investigation as the subject of the appeal and, therefore, plaintiff effectively attempted to commence a new action. SKF continues that since plaintiff filed its motion to amend beyond the limitation period, the Court lacks jurisdiction over an action challenging the Spanish investigation.

Since questions of the Court's subject matter jurisdiction can be raised at any time, USCIT R. 12(h)(3); *Syva Co. v. United States,* 12 CIT 199, 200, 681 F. Supp. 885, 887 (1988) (citations omitted), the Court grants SKF's motion to reconsider.

### DISCUSSION

Generally, amendments to a timely filed summons or complaint relate back to the date of the original filing. *See, e.g. Intrepid v. Pollock,* 907 F.2d 1125, 1130 (Fed. Cir. 1990) (complaint); *NEC v. United States,* 12 CIT 399, 400, 685 F. Supp. 258, 259 (1988) (summons). The court may in its discretion allow a summons to be amended at any time and upon such terms as it deems just, unless it clearly appears that material prejudice would result. USCIT R. 3(d). In determining whether an amendment to a summons relates back, "the fundamental concern of the court should be whether it is possible to discern from the totality of the documents involved in the filing, the true object of plaintiff['s] action." *NEC v. United States,* 12 CIT 399 at 400, 685 F. Supp. at 259. Also, a party may amend its pleading once as a matter of course before a responsive pleading is served. USCIT R. 15(a). In determining whether an amendment to a pleading relates back, the Court's inquiry will focus on the notice given in the original pleading. *Intrepid v. Pollock,* 907 F.2d at 1130.

Even though plaintiff omitted "Spain" from the list of fourteen countries when citing the ITC determinations in its summons and complaint, the errors were clerical in nature and could be reasonably ascertained from a review of the documents involved in the filing. First, plaintiff referred to challenged determinations as "Inv. No. 701–TA –307 and 731–TA–498–511." Summons at paragraph 1; Complaint at paragraph 1. (emphasis added). Since the Spanish investigation was

731–TA–508, it was apparent that plaintiff's reference to investigation numbers "731–TA–498–511" included the Spanish investigation.

Second, in paragraph two of the complaint, plaintiff alleged it had standing to contest the Spanish investigation by referring to it by name and investigation number. Third, in paragraphs seven and nine, plaintiff alleged the negative determination in the Spanish investigation was arbitrary, capricious, an abuse of discretion and otherwise not in accordance with law. Fourth, in several other paragraphs of the complaint and in its prayer for relief, plaintiff referred to "fourteen countries." Thus, it was discernable from the documents involved in the filing that the true object of plaintiff's action included a challenge to the Spanish antidumping investigation.

Since plaintiff filed its motion to amend before any responsive pleading was served and before SKF or any other defendant-intervenor filed its motion to intervene, plaintiff's clerical error was corrected at an early stage in the litigation and no material prejudice would have resulted to the substantial rights of any of the parties involved in this action.

SKF relies on cases in which either a summons or complaint had not been timely filed, *see, e.g. Georgetown Steel Corp. v. United States*, 4 Fed. Cir. (T) 143, 801 F.2d 1308 (1986); *NEC Corp. v. United States*, 5 Fed. Cir. (T) 49, 806 F.2d 247 (1986), or where amendments to a summons would have raised issues not apparent in the original filing. *See Brimstone Export Ltd. v. United States*, 7 CIT 209 (1984). In this action, plaintiff's timely summons and complaint identified, albeit imperfectly, the Spanish investigation as the subject of the appeal.

## CONCLUSION

Under these facts and circumstances, the amendments to plaintiff's summons and complaint relate back to the date of the original filing and the Court has jurisdiction over an action challenging the Spanish investigation. Upon reconsideration, the Court adheres to its prior ruling granting plaintiff's motion to amend its summons and complaint.