The **FELDSPAR CORPORATION,**
Plaintiff,

v.

**UNITED STATES, Defendant.**

Court No. 92–07–00425–S.

United States Court of
International Trade.

Dec. 16, 1992.

Crowell & Moring, Barry E. Cohen and M. Roy Goldberg, Washington, DC, for plaintiff.

Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, Civ. Div., Commercial Litigation Branch, U.S. Dept. of Justice, Velta A. Melnbrencis, Jeffrey B. Denning, Attorney–Advisor, Office of the Chief Counsel for Import Admin., U.S. Dept. of Commerce, Washington, DC, of counsel, for defendant.

## OPINION AND JUDGMENT

CARMAN, Judge:

Defendant moves to dismiss plaintiff's appeal of the antidumping margin found by the United States Department of Commerce, International Trade Administration (Commerce) in its final affirmative antidumping determination: *Final Determination of Sales at Less Than Fair Value: Nepheline Syenite from Canada,* 57 Fed. Reg. 9237 (March 17, 1992). Defendant contends that plaintiff has not provided timely notice of its intent to commence review of this matter under 19 U.S.C. § 1516a (1988). Plaintiff opposes the government's motion to dismiss this action.

## BACKGROUND

On July 12, 1991, plaintiff filed a petition with Commerce and the United States International Trade Commission (ITC) alleging that a United States industry was materially injured or threatened with material injury due to allegedly dumped imports of nepheline syenite from Canada. On September 5, 1991, the ITC published its preliminary determination that there was a reasonable indication that an industry in the United States was materially injured by reason of imports of nepheline syenite from Canada. On December 27, 1991, Commerce published its preliminary affirmative less-than-fair-value determination. On March 17, 1992, Commerce published its final affirmative less-than-fair-value determination. On May 6, 1992, the ITC published its final negative injury determination.

On May 22, 1992, plaintiff delivered a notice of intent to commence judicial review of both Commerce and ITC determinations. On June 29, 1992, plaintiff commenced this action. (The ITC portion of the appeal has been severed from this action). At no point did either party seek a binational panel review pursuant to the United States–Canada Free–Trade Agreement Implementation Act of 1988, Pub.L. 100–449, Sept. 28, 1988, 102 Stat. 1851 (FTA).

## DISCUSSION

This Court concludes that plaintiff has misinterpreted the statutory scheme of 19 U.S.C. § 1516a and has failed to provide timely notice of its intent to commence review of Commerce's determination in the United States Court of International Trade.

█ It is well established that the terms of the Government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit. *NEC Corp. v. United States,* 806 F.2d 247, 249 (Fed. Cir.1986), *citing United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Conditions upon which the Government consents to be sued must

be strictly observed and are not subject to implied exceptions. *NEC Corp.*, 806 F.2d at 249, *citing Lehman v. Nakshian*, 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981).

Chapter 19 of the FTA establishes a procedure for resolving antidumping and countervailing duty disputes between the United States and Canada. Domestic judicial review of antidumping and countervailing duty determinations involving imports from Canada has been replaced by binational panel review. The exceptions to this general rule are set forth in 19 U.S.C. § 1516a(g)(3) with the relevant exception being the following:

(A) In general

A determination is reviewable under subsection (a) of this section if the determination sought to be reviewed is—

(i) a determination as to which neither the United States nor Canada requested a review by a binational panel pursuant to article 1904 of the [United States–Canada Free–Trade] Agreement.

 A party seeking to commence review under subsection (g)(3)(A)(i) must provide timely notice of its intent to commence the review to all interested parties who were parties to the proceeding in connection with which the matter arose, the agency which issued the determination in question, and both the United States and Canadian Secretaries.

 "Timely notice" is described in 19 U.S.C. § 1516a(g)(3)(B) as follows:

Such notice is provided timely if the notice is delivered by no later than the date that is 20 days after the date described in subparagraph (A) or (B) of subsection (a)(5) of this section that is applicable to such determination.

Paragraph (5) of section 1516a(a), which is referred to in section 1516a(g)(3)(B), provides in relevant part:

Notwithstanding any other provision of this subsection in the case of a determination to which the provisions of subsection (g) of this section apply, an action under this subsection may not be commenced, and the time limits for commencing an action under this subsection shall not begin to run, until the 31st day after—

(A) the date of publication in the Federal Register of notice of any determination described in paragraph (1)(B) or any determination described in clause (i), (ii), or (iii) of paragraph (2)(B)....

Thus notice of intent to commence review must be delivered no later than twenty days after publication of the final determination notice in the Federal Register.

Commerce's final determination was published on March 17, 1992. Following the statutory scheme of 19 U.S.C. § 1516a(g), plaintiff was required to provide notice of its intent to commence judicial review of the final affirmative Commerce determination by April 6, 1992. Plaintiff did not provide notice until May 22, 1992, and thus failed to give timely notice.

### CONCLUSION

For the reasons stated herein, this Court concludes that it does not possess jurisdiction to entertain plaintiff's claim under 19 U.S.C. § 1516a. Defendant's motion to dismiss is granted and this action is dismissed.