C.H. PATRICK, INTERTECH, SINOCHEM INTERNATIONAL CHEMICALS CO., SINOCHEM SHANDONG IMPORT & EXPORT CORP., AND KWONG FAT HONG CHEMICALS, LTD., PLAINTIFFS *v.* UNITED STATES, DEFENDANT, AND SANDOZ CHEMICALS CORP., DEFENDANT-INTERVENOR

Court No. 93–03–00183

(Dated July 26, 1993)

*Miller, Canfield, Paddock and Stone (William E. Perry)* for plaintiffs.
*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Michael S. Kane), Robert E. Nielsen,* Senior Attorney, United States Department of Commerce, of counsel, for defendant.
*Galvin and Mlawski (John J. Galvin)* for defendant-intervenor.

OPINION

RESTANI, *Judge:* This matter is before the court on plaintiffs' motion to amend summons and defendants' motions to dismiss. Plaintiffs filed a summons initiating this action within thirty days of the publication of the antidumping determination it challenges,[1] that is, the *Final Determination of Sales at Less Than Fair Value: Sulfur Dyes, Including Sulfur Vat Dyes from the People's Republic of China,* 58 Fed. Reg. 7,537 (Feb. 8, 1993) *("Sulfur Dyes").* Unfortunately, plaintiffs did not name the correct determination, but rather named the investigation of *Refined Antimony Trioxide from the People's Republic of China,* 57 Fed. Reg. 6,801 (Feb. 28, 1992) (final determination of sales at less than fair value). Plaintiffs also failed to list the correct date of the *Sulfur Dyes* determination or the date of its publication in the Federal Register, as required by the Rules of the Court of International Trade ("CIT").[2] The summons, however, did contain the correct investigation number. The information sheet accompanying the summons, which is used by the Clerk's office for internal purposes, named the correct investigation, but did not give an investigation number.[3] Thus, someone reading the summons would not know whether to find the intended information under the name or number of the investigation. Apparently, the transmittal letter did not name the investigation at issue.

The summons is the intended vehicle for providing defendants of the nature of the suit, and triggers the attachment of jurisdiction. The complaint is filed thirty days later. *See* 19 U.S.C. § 1516a(a)(2)(A) (1988). In *Zenith Elec. Corp. v. United States,* 988 F.2d 1573 (Fed. Cir. 1993) *(aff'g NEC Corp. v. United States,* 12 CIT 399, 685 F. Supp. 258 (1988)), the

---

[1] *See* 19 U.S.C. § 1516a(a)(2)(A) (1988) and 28 U.S.C. § 2636(c) (1988).

[2] *See* CIT Rules, App. Form 3, Title 19 U.S.C. § 1516a(a)(2)(A) requires that the summons contain the "content" and be "in the form, manner, and style" specified in the CIT Rules.

[3] The Clerk's office does not serve the information sheet, but plaintiffs apparently sent it to defendant and defendant-intervenor.

Federal Circuit held that this court did not abuse its discretion in finding that the filing as a whole satisfied the requirements for a summons, even though the summons did not name the relevant investigation. *Id.* at 1580. In that case, however, both the transmittal letter and the information sheet clarified which determination was at issue. *Id.* at 1579. Also, the determination named had already been fully litigated, so that defendant was immediately aware that an error had been made. *Id.* at 1580. That is not the case here. In the present case, substantial irregularities in the filing of the summons failed to provide sufficient notice of the challenged determination. Further, the court does not believe that service on a party, that is, Sandoz, which was not involved in the *Refined Antimony Trioxide* investigation improved the situation significantly.

The court has discretion to allow a summons to be amended, absent prejudice to an opposing party. CIT Rule 3(d). "[M]ere technical irregularities in the filing of procedural papers shall not deprive a party of its statutory right of review." *Zenith,* 988 F.2d at 1580. Here, however, the summons provided insufficient notice, such that the essence of the CIT rules have not been met. Accordingly, the court finds that the totality of the summons filing did not give notice of the determination to be challenged, and the motion to dismiss is granted.