NEW ZEALAND LAMB COMPANY,
INC., Plaintiff,

v.

The UNITED STATES, Defendant.

Court No. 93–06–00346.
Slip Op. No. 94–159.

United States Court of
International Trade.

Oct. 7, 1994.

1. § 173.4 **Correction of clerical error, mistake of fact, or inadvertence.**

(a) *Authority to review and correct.* Even though a valid protest was not filed, the district director, upon timely application, may correct pursuant to section 520(c)(1), Tariff Act of 1930,

Bronz & Farrell, Edward J. Farrell, Sacramento, CA, for plaintiff.

Frank W. Hunger, Asst. Atty. Gen., Joseph I. Liebman, Atty. in Charge, Intern. Trade Field Office, Commercial Litigation Branch, Civ. Div., U.S. Dept. of Justice, and Susan Burnett Mansfield, Washington, DC, for defendant.

## OPINION

MUSGRAVE, Judge.

Defendant moves to dismiss plaintiff's challenge to the United States Customs Service ("Customs") refusal to reliquidate pursuant to 19 U.S.C. § 1520(c)(1) (1988). Defendant contends that the Court lacks subject matter jurisdiction because plaintiff did not protest the denial of its 19 U.S.C. § 1520(c) claim. Plaintiff opposes Customs motion to dismiss this action. The Court finds that it does not have jurisdiction to hear this action, and therefore grants Customs' motion dismissing this case.

### Background

A single entry of lamb meat from New Zealand was liquidated, as entered, on March 27, 1987. Countervailing duties were deposited in the amount of $13,095.26.

By letter dated July 1, 1987, plaintiff advised Customs that the liquidation was in error as the merchandise involved was subject to a countervailing duty order under which a final rate had not yet been determined. *See Defendant's Motion to Dismiss,* Exhibit # 1. That letter cites 19 C.F.R. § 173.4, the clerical error provision of Customs regulations in requesting the correction of the liquidation.[1] *Id.*

as amended (19 U.S.C. 1520(c)(1)) a clerical error...."

\* \* \* \* \* \*

(c) *Limitation on the time for application.* A clerical error ... shall be brought to the atten-

Plaintiff received a handwritten response from Customs dated April 15, 1991. This handwritten response stated: *"Protest filed on July 1, 1987—was untimely. Entry Liq. 3/27/87—last day to file protest (within 90 days of liquidation) was June 26, 1987. Cannot set this up as a protest, it would be untimely."* See Defendant's Motion to Dismiss, Exhibit # 2.

Plaintiff submitted another letter to Customs dated June 5, 1991. That letter again indicated that plaintiff believed the liquidation to be in error. Plaintiff referred to its July 1, 1987 letter as a 19 U.S.C. § 1520(c) claim:

> The first entry # 406–0101227–7 (11/25/86), was the subject of my 520(c) [sic] letter of July 1, 1987, a copy of which is enclosed along with your handwritten response to Patrick Powers of the New Zealand Lamb Company who was following up on these entries in April of this year. Per our discussion, as a 520(c) claim the applicable period for filing is one year, not 90 days. Consequently, can you please set this up accordingly.

*See Defendant's Motion to Dismiss,* Exhibit # 3. Customs assigned protest number 5201/92–200028 to plaintiff's 19 U.S.C. § 1520(c) claim. *See Defendant's Motion to Dismiss,* Exhibit # 4. This assigned number while called a protest number, indicates in fact that a 19 U.S.C. § 1520(c) claim had been made. *See Declaration of Joseph A. DiSalvo,*[2] Supervisory Customs Liquidator, *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss,* Exhibit # 1.

By letter dated December 21, 1992, Customs responded to plaintiff denying the request for reliquidation of entry number 406–0101227–7. In that letter, Customs advised plaintiff that if it disagreed with Customs decision, plaintiff could file a summons in this Court within 180 days:

> "If you disagree with the decision made concerning entry number 406–0101227–7

you may file a summons with the Court of International Trade within one hundred and eighty (180) days of this notice."

*Defendant's Motion to Dismiss,* Exhibit # 5. The summons in this case was filed on June 14, 1993.

## Discussion

It is well established that the terms of the government's consent to be sued in any particular court define that court's jurisdiction to entertain the suit. *NEC Corp. v. United States,* 806 F.2d 247, 249 (Fed.Cir. 1986), *citing United States v. Testan,* 424 U.S. 392, 399, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976). Conditions upon which the government consents to be sued must be strictly observed and are not subject to implied exceptions. *NEC Corp.,* 806 F.2d at 249, *citing Lehman v. Nakshian,* 453 U.S. 156, 161, 101 S.Ct. 2698, 2702, 69 L.Ed.2d 548 (1981).

Under 28 U.S.C. § 1581(a), this Court possesses exclusive jurisdiction over any civil action commenced to contest the denial of a protest under 19 U.S.C. § 1515. 19 U.S.C. § 1515 provides for the review of protests filed in accordance with 19 U.S.C. § 1514.

Customs argues that plaintiff's 19 U.S.C. § 1520(c) claim was denied by its letter of December 21, 1992. *Defendant's Motion to Dismiss,* at 4. Furthermore, Customs contends that plaintiff did not protest that denial of its 19 U.S.C. § 1520(c) claim. As a consequence, Customs argues that even if plaintiff made a timely 19 U.S.C. § 1520(c) claim, this Court lacks jurisdiction in this case because plaintiff did not protest the denial of the claim. *Id.*

Plaintiff argues that its 19 U.S.C. § 1520(c) claim was denied by Customs in its handwritten response to plaintiff on April 15, 1991. *Plaintiff's Opposition to Defendant's Motion to Dismiss,* at 3. In addition, plaintiff argues that Customs denied its June 5,

---

tion of the district director ... within one year after the date of liquidation or exaction."

**2.** Mr. Joseph A. DiSalvo has acted as the Head of the Protest and Control Section of the Residual Liquidation and Protest Branch, New York Region, United States Customs Service. He is fa-

miliar with the Customs Automated Commercial System module governing 19 U.S.C. § 1514 protests and 19 U.S.C. § 1520(c) petitions. *Declaration of Joseph A. DiSalvo,* Para. 4, *Defendant's Reply to Plaintiff's Response to Defendant's Motion to Dismiss,* Exhibit # 1.

1991 claim as a protest, advising plaintiff that "If you disagree with the decision made concerning entry number 406–0101277–7 you may file a summons with the Court of International Trade within one hundred and eighty (180) days of this notice." Plaintiff notes that this is the remedy for a denied protest. *Id.* at 4.

Customs' argument is persuasive. The Court cannot exercise jurisdiction over this decision via 28 U.S.C. § 1581(a). After a denial of a claim pursuant to 19 U.S.C. § 1520(c), a plaintiff is required to file a protest. A plaintiff must contest the denial of a protest, denied in whole or in part, before the Court can exercise jurisdiction under 28 U.S.C. § 1581(a).

To recapitulate, the pertinent dates are as follows:

**November 25, 1986**—entry of merchandise

**March 27, 1987**—liquidation

**July 1, 1987**—Plaintiff advised Customs by letter that the liquidation was in error. The letter cited 19 C.F.R. § 173.4, the clerical error provision of Customs regulations in requesting the correction of the liquidation.

**April 15, 1991**—Handwritten response by Customs stating that protest was untimely (not filed within 90 days of liquidation). As a consequence, Customs informed plaintiff that it could not set up plaintiff's claim as a protest.

**June 5, 1991**—Plaintiff submitted another letter to Customs objecting to Customs April 15, 1991 denial. Plaintiff characterizes its letter of July 1, 1987 as a 19 U.S.C. § 1520(c) claim and not that of a protest, thus, the applicable period for filing is 1 year not 90 days. Plaintiff requests that its July 1, 1987 letter be set up as a 19 U.S.C. § 1520(c) claim.

**December 21, 1992**—Customs assigned a "protest number" to plaintiff's 19 U.S.C. § 1520(c) claim and denied plaintiff's request for reliquidation. Customs advised plaintiff that if it disagreed with Customs decision, plaintiff could file a summons in

U.S. Court of International Trade within 180 days.

**June 14, 1993**—Plaintiff files a summon in the U.S. Court of International Trade.

Despite the confusion resulting from Customs initial treatment of plaintiff's July 1, 1987 claim as a protest and the advice that plaintiff could file a suit in this Court within 180 days, the actual fact situation appears to the Court to be as follows:

An otherwise valid protest was filed by plaintiff on July 1, 1987, but was ineffective as untimely. Plaintiff's July 1, 1987 protest as a 19 U.S.C. § 1520(c) claim is itself a 19 U.S.C. § 1520(c) claim, which was denied by Customs on December 21, 1992. No protest to this denial was made.

While the Court grants the motion of Customs to dismiss plaintiff's action for not having filed a timely protest to Customs denial of plaintiff's July 1, 1987 claim under 19 U.S.C. § 1520(c),[3] the Court notes with approbation the position of Customs that a 19 U.S.C. § 1520(c) claim was applicable and appropriate in the circumstances. Since plaintiff did not file a protest against Customs' December 21, 1992 decision, 28 U.S.C. § 1581(a) is inapplicable.

### Conclusion

For the foregoing reasons, the Court holds that it does not possess jurisdiction to entertain plaintiff's 19 U.S.C. § 1520(c) claim. Customs' Motion to Dismiss is granted and this action is dismissed.

---

**3.** The denial of plaintiff's July 1, 1987 claim was made four and one-half years after the claim was filed.