FORMER EMPLOYEES OF ROEDER HYDRAULICS, INC., PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 94–12–00769

(Dated June 8, 1995)

*Charles L. Jordan* and *Mark Beauchamp,* pro se, for plaintiffs.
*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Jeffrey M. Telep),* for defendant.

## MEMORANDUM AND OPINION

GOLDBERG, *Judge:* This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction. Because the Court finds that it lacks jurisdiction to entertain this action, the Court grants defendant's motion to dismiss.

### BACKGROUND

On October 5, 1994, the United States Department of Labor ("Labor") published notice in the Federal Register of its final determination denying plaintiffs worker adjustment assistance pursuant to 19 U.S.C. § 2273 (1988). *Notice of Determinations Regarding Eligibility to Apply for Worker Adjustment Assistance and NAFTA Transitional Adjustment Assistance,* 59 Fed. Reg. 50,774, 50,775 (Oct. 5, 1994) *("Notice of Determination").* Labor denied plaintiffs worker adjustment assistance because it found that "increased imports did not contribute importantly to worker separations" at their firm. *Id.* at 50,774–75.

On or about December 4, 1994, plaintiffs sent a letter to this Court, via regular mail, asking for review of Labor's determination. *See Memorandum in Support of Defendant's Motion to Dismiss ("Defendant's Motion"),* Exhibit 2. The Office of the Clerk of the Court accepted plaintiffs' letter "as fulfilling in principle the requirements of the summons and complaint" for an action to review Labor's determination.[1] *Defendant's Motion,* Exhibit 3. The Office of the Clerk deemed the letter filed as of the date of its receipt, i.e. December 9, 1994. *Id.*

In response to plaintiffs' letter, defendant filed a motion to dismiss for lack of jurisdiction, arguing that plaintiffs had filed their action more than sixty days after Labor's final determination in violation of 19 U.S.C. § 2395(a) (1988 & Supp. V 1993). Plaintiffs failed to respond to defendant's motion.

## DISCUSSION

Once Labor publishes notice in the Federal Register of a final determination denying worker adjustment assistance pursuant to 19 U.S.C. § 2273 (1988), the aggrieved workers may file an action seeking review of Labor's determination in this Court. 28 U.S.C. § 1581(d)(1) (1988); 19 U.S.C. § 2395(a) (1988 & Supp. V 1993). The workers must, however, commence their action "in accordance with the rules of the Court * * * within sixty days after the date of notice of such determination."[2] 28 U.S.C. § 2636(d) (1988); *see also* 19 U.S.C. § 2395(a) (1988 & Supp. V 1993). The Court cannot take a liberal view in calculating whether the workers have commenced their action within sixty days of Labor's determination, even if the workers are acting *pro se. Kelley v. Secretary, United States Dept. of Labor,* 5 Fed. Cir. (T) 87, 89, 812 F.2d 1378, 1380 (1987). The Court simply has no jurisdiction to entertain the workers' action if they fail to commence it within the time in which the government has consented to be sued. *Id.; Waschko v. Donovan,* 4 CIT 271, 272 (1982).

In this case, Labor published the *Notice of Determination* on October 5, 1994. The Office of the Clerk received plaintiffs' letter requesting review of the determination via regular mail on December 9, 1994. Hence, according to the rules of the Court, plaintiffs filed their letter

---

[1] In this case, defendant has not challenged the decision of the Office of the Clerk to accept plaintiffs' letter as fulfilling in principle the requirements of a summons and complaint for an action to review Labor's determination. The Court notes that the decision to treat a letter sent via regular mail in this manner has been approved of in the past. *Kelley v. Secretary, United States Dept. of Labor,* 5 Fed. Cir. (T) 87, 87–89, 812 F.2d 1378, 1380 (1987).

[2] The Court recognizes that this language from 28 U.S.C. § 2636(d) does not authorize it to enlarge or diminish its jurisdiction by way of its rules. This portion of § 2636(d) does, however, acknowledge that the rules of the Court set forth certain procedures that parties must follow in order to invoke properly the Court's jurisdiction within the 60 day time limit established by statute. Hence, § 2636(d) acknowledges that the Court's rules can affect the determination of whether or not the Court has jurisdiction over an action challenging a Labor determination rendered pursuant to 19 U.S.C. § 2273. *See, e.g., Waschko v. Donovan,* 4 CIT 271, 272 (1982); *cf. NEC Corp. v. United States,* 5 Fed. Cir. (T) 49, 50, 806 F.2d 247, 248–49 (1986) (in order for this Court to have jurisdiction over an antidumping action, plaintiff must file its summons in accordance with USCIT rules within the period statutorily designated for doing so); *Georgetown Steel Corp. v. United States,* 4 Fed. Cir. (T) 143, 146–49, 801 F.2d 1308, 1311–13 (1986) (in order for this Court to have jurisdiction over a countervailing duty action, plaintiff must file its complaint in accordance with USCIT rules within the period statutorily designated for doing so). *But cf. Pollak Import-Export Corp. v. United States,* 13 Fed. Cir. (T) ___, ___, Slip Op. 94–1289 at 6, 19 U.S. App. LEXIS 7966 (Apr. 11, 1995) (finding that Congress did not intend to elevate compliance with all of the Court's rules governing the form and contents of a summons in a customs action into jurisdictional elements).

sixty-five days after the publication of Labor's *Notice of Determination.*[3] Because plaintiffs failed to commence their action within the sixty day period in which the government has consented to be sued, the Court must dismiss the action for lack of jurisdiction.

### CONCLUSION

For the foregoing reasons, defendant's motion is granted. Judgment will be entered accordingly.

---

[3] *See* USCIT Rule 3(a) (providing that a civil action is commenced by filing a summons and complaint); USCIT Rule 5(e) (providing that filing is completed when received, except that a paper mailed by registered or certified mail properly addressed to the clerk, with the proper postage affixed and return receipt requested, is deemed filed as of the date of mailing).